Day, J.
 

 The paramount question in this case is the good faith of the American Finance Company in acquiring the note and mortgage signed, executed and delivered by Bender to the Columbus Haynes Motor Car Company. Both courts below, upon full hearing, found that the American Finance Company was the holder of the note and mortgage in good faith, for value, before maturity, and that, it was an innocent purchaser in the premises,.
 

 This issue of fraud and bad faith upon the part of the finance company was the chief issue litigated in the courts below, and involves a question of fact; so that, so far as this court is concerned, the question is simply this: Is the finding of the courts below that the American Finance Company was an innocent purchaser, before maturity, for value, sustained by some evidence in the record?
 

 The record shows the note and mortgage were dated April 28, 1923, that the delivery of the ear was made to Bender on May 3d, which was
 
 *28
 
 the date of the bill of sale. When the agent of the plaintiff finance company came to inspect the property he was shown the bill of sale and fonnd the machine in the actual possession of Bender. The bill of sale was recorded on May 4th, within the time prescribed by law. The mortgage and its assignment were filed by the finance company with the county recorder of Franklin county on May 3, 1924. The fact is that this chattel mortgage could have been known by Katz by an examination of the record. The bill of sale to Katz, while dated May 5th, was not recorded by him until 45 days later. While sales were made of like character by. the Columbus Haynes Company to other employes, and numerous other evidences of fraud upon the part of the Columbus Haynes Company are shown in the record, the record also discloses some evidence substantiating the finding of the courts below that the fraud, in so far as the Bender car was concerned, was not known to the finance company.
 

 We must take this record as we find it. Had the witnesses appeared in this court, and had testimony been taken from the lips of the witnesses, as was the privilege of the Court of Appeals and the court of common pleas, and were we to weigh such evidence, what this court’s conclusion would have been is not for us to conjecture.
 

 If from the record it appears there was no evidence to sustain the finding of the courts below, this court has the power to set the same aside, but, not undertaking to weigh the evidence and pass upon its sufficiency, we cannot disturb the decree of the courts below unless there is no
 
 *29
 
 evidence
 
 to
 
 sustain their finding. While both courts below found that the Columbus Iiaynes Motor Company acted in bad faith, and was guilty of fraud, we cannot say that the conclusions reached below are not sustained by some evidence in the premises, to wit, that the proceedings were regular on their face, and that the finance company was an innocent purchaser before maturity for value. The record so showing, we cannot disturb that finding.
 

 As to the question of the right of trial by jury, urged by the plaintiff in error, this, in the courts below, was an action for judgment on a promissory note and foreclosure of a chattel mortgage. The plaintiff in error, Katz, was only interested in the foreclosure feature. That being purely an equitable action, we cannot find that he was deprived of any right by being denied a trial by jury.
 

 The rule being that this court is not to pass upon the weight of the evidence and is only permitted to ascertain from the record whether there is some competent evidence therein to sustain the findings of the court below, we are constrained to the conclusion that such evidence does exist and that it is our duty to affirm the judgment of the Court of Appeals rendered herein, which we accordingly do.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.