DOEHLER DIE CASTING CO. v. McNEELY

Ohio Appeals, 6th Dist., Lucas Co.

No. 1554. Decided June 15, 1925

631. INDUSTRIAL COMMISSION—1. In case before it, if hearsay evidence is advanced, said evidence must be received by trial court in appeal.

2. Does not sit as trial court and all evidence received by it should appear in the record and be shown in transcript.

RICHARDS, J.

This case arose under the Workmens' Compensation Law and was one to recover damages for the death of Matthew McNeely, an employe of the Doehler Die Casting Co. The action was brought by Anna McNeely, the widow, who was dependent upon the deceased for support, and she claimed he was injured in the course of his employment and that as a result, he suffered a stroke of apoplexy, causing his death on Sept. 14, 1922.

Matthew McNeely it appears worked for the Casting Co. one day—July 10, 1922. He was 68 years of age, and the company's physician had recommended him for light work. The temperature in the room where he worked was 20 degrees higher than that which existed outdoors, and on that day, the outdoors temperature reached a maximum of 90 degrees. The physician's affidavit stated that cerebral apoplexy was the direct cause of his death, and over-exertion and over-heating very frequently caused cerebral apoplexy.

The Industrial Commission disallowed the claim and from this decision the claimant appealed to the Lucas Common Pleas, where the case was tried to a jury, resulting in a verdict and judgment in favor of the claimant for $12.80 per week for 390 weeks; and an allowance of $296 for medical services and funeral expenses.

The case was taken to the Court of Appeals on error where the Company claimed that the verdict was against the weight of the evidence and that there was no evidence to support the verdict. The Court of Appeals held:

1. Some of the evidence contained in the affidavits submitted to the Commission is hearsay. While an award under the Workmens' Compensation law should not be based solely on hearsay evidence, such evidence, when received by the Commission must not be excluded in view of the provisions of 1465-91 GC. providing that the Industrial Commission shall not be bound by the usual common law or statutory rules of evidence, but may make the investigation in such manner as in its judgment is best calculated to ascertain substantial rights of the parties.

2. The Commission does not sit as an ordinary trial court and all evidence received and considered by it in arriving at its conclusion in disposing of a claim presented for allowance should appear in the record and be shown in the transcript.

3. Hearsay evidence which has been taken before the Industrial Commission must be received by the trial court on appeal.

4. The sole question for determination of the jury was whether McNeely received the injury in the course of his employment on July 10, 1922, which resulted in the paralytic stroke causing his death? That question was answered by the jury in the affirmative and that conclusion is not manifestly against the weight of the evidence. Judgment affirmed.

Attorneys—Fraser, Heitt & Wall for Company; Conn & Holloway for McNeely; all of Toledo.