## JASIONOWSKI v. INDUSTRIAL COMMISSION OF OHIO.

*Workmen's compensation—"Injury" construed—Death resulting from infected cold sore compensable, when—Appeal to common pleas court—Hearsay evidence considered by Industrial Commission admissible on appeal—Section 1465-90, General Code—Amended statute, permitting exclusion of incompetent evidence, inapplicable to pending actions.*

1. Infection of cold sore, caused by rubbing face with hands while handling carbon paper, *held* "injury" within Workmen's Compensation Law.

2. Physician's affidavit that open sore on deceased employe's chin became infected by wiping face with hands while handling carbon paper, though hearsay, must be considered by Industrial Commission, in view of Section 1465-91, General Code, and was required to be submitted to jury on appeal to court of common pleas, in view of Section 1465-90, General Code, as amended by Act May 14, 1921 (109 Ohio Laws, p. 296), since Act April 9, 1925 (111 Ohio Laws, p. 227), which took effect while action was pending, was inapplicable.

(Decided May 17, 1926.)

ERROR: Court of Appeals for Lucas county.

*Mr. J. Harrington Boyd,* for plaintiff in error.
*Mr. C. C. Crabbe,* attorney general, *Mr. R. R. Zurmehly,* and *Mr. Frank E. Calkins,* for defendant in error.

RICHARDS, J. Lizzie Jasionowski is the mother of Wanda Jasionowski, a girl of about 16 years of age, who was employed in the city of Toledo by Tiedtke Bros. Company. The mother, asserting dependency, filed a claim with the Industrial Commission based on the contention that Wanda was

injured in the course of her employment with that firm on November 22, 1924, and died on December 5 of that year as a result of such injury. The Industrial Commission, upon due consideration, rejected the claim, on the ground that the proof failed to show death was the result of an occupational disease, or the result of an injury sustained in the course of and arising out of the employment. Manifestly she did not die of an occupational disease, and such claim is not made by the plaintiff.

From the decision an appeal was taken to the court of common pleas on March 30, 1925. The case was tried to a jury, but at the conclusion of the evidence the trial court directed a verdict for the defendant, and judgment was entered thereon. It is insisted that the judgment should be reversed on the ground that there was evidence introduced tending to show all of the essential facts necessary to justify a recovery.

Wanda Jasionowski's employment at Tiedtke Bros. Company was handling large sheets of blue carbon paper used in tabulating accounts, and it is contended in behalf of the plaintiff that in the course of her employment she accidentally scratched her face, causing an abrasion of the skin near her mouth, through which abrasion her blood became infected, and cellulitis developed into acute blood poisoning, which caused her death, and it is insisted that on the occasion of her injury streptococci germs entered the blood stream. It is claimed on behalf of the defendant that the evidence does not tend to show an injury within the meaning of the Workmen's Compensation Law (Sections 1465-37 to 1465-108, General Code), and that, if the de-

cedent was injured, it does not appear that the injury was suffered in the course of her employment.

The evidence tends to show that Wanda had a slight cold sore near the right corner of her mouth, and there is some evidence that in wiping and rubbing her face with her hands the sore became infected, and that, within a few days thereafter, her face and neck became very much swollen, and death resulted in about two weeks. If this condition should be found by the jury to be sustained by the evidence, it would amount to an injury within the meaning of the Workmen's Compensation Law. This has long been the rule of the English courts in injuries of this character. In *Brintons, Ltd.,* v. *Turvey,* Law Reports, 1905, Appeal Cases, 230, where a workman was employed sorting wool in a factory, bacilli passed from the wool to his eye and infected him with anthrax, of which he died. This was held to be an injury within the statute. In *Grant* v. *Kynoch,* Law Reports, 1919, Appeal Cases, 765, the employe's work consisted in handling artificial manure composed largely of bone dust. He had a scratch or abrasion on the skin of his left leg, which became infected with the germs of streptococci, and this also was held to be an injury within the meaning of the act. In the case of *Horrigan* v. *Post-Standard Co.,* 224 N. Y., 620, 121 N. E., 872, an employe cut his finger while working at home. The next day, in the course of his employment, in cleaning out a urinal, he put his hand into the water, and it became infected through the cut, resulting in his death in about two weeks. This was held to be an injury within the meaning of the

Workmen's Compensation Law. See, also, *Connelly* v. *Hunt Furniture Co.*, 240 N. Y., 83, 147 N. E., 366, 39 A. L. R., 867, where an embalmer's helper became infected through a slight cut in his hand while handling a corpse. We cite also *Hurle's case*, 217 Mass., 223, 104 N. E., 336, Ann. Cas., 1915C, 919, L. R. A., 1916A, 279, and *Brodin's case*, 124 Me., 162, 126 A., 829. The courts have adopted a liberal construction of the term "injury" as used in the Workmen's Compensation Law, as evidenced by cases in many jurisdictions. The decisions in our own state are in accord with the conclusions already indicated. See *Industrial Commission* v. *Roth*, 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463, which draws the distinction between an occupational disease developed in the usual and ordinary manner because of the occupation, and an injury happening suddenly from the same cause. In that case recovery was permitted from the accidental and unforeseen inhaling by an employe of fumes from paint. This case is reported and annotated in 6 A. L. R., 1463. The distinction between "injuries" and "occupational diseases" is pointed out in *Industrial Commission* v. *Cross*, 104 Ohio St., 561, 136 N. E., 283. In *Industrial Commission* v. *Burckard*, 112 Ohio St., 372, 147 N. E., 81, the death of a chemist from analine poisoning was held to result from physical injury, and recovery was permitted. The decision in *Renkel* v. *Industrial Commission*, 109 Ohio St., 152, 141 N. E., 834, is not inconsistent with the cases already cited.

There was, then, in the present case, evidence

tending to show an injury to the deceased within the statute.

It is said, however, that there is no evidence tending to show that this injury occurred in the course of her employment. In a supplementary affidavit of a physician it is stated that Wanda Jasionowski was suffering from cellulitis of the face and upper part of the neck, due to infection which entered her blood stream through an abrasion of the skin, which appeared as an open sore on her chin near her mouth about November 22, while working in the office of the Tiedtke Bros. Company's store, which infection entered through the abrasion and arose from her wiping and rubbing the sore on her face with her hands while handling carbon paper while working in said office. Manifestly much of this statement is sheer hearsay, relating to facts of which the physician could have had no personal knowledge. However, in view of the language of Section 1465-91, General Code, which provides that the Industrial Commission shall not be bound by the usual common-law or statutory rules of evidence, this statement of the physician must be considered. This testimony, having been considered by the Industrial Commission, was required to be submitted to the jury under the statute as it existed at the time of the injury to Wanda Jasionowski. *Industrial Commission* v. *Collela,* 17 Ohio App., 301; *Doehler Die Castings Co.* v. *McNeely,* 21 Ohio App., 148, 152 N. E., 792. The limitations and restrictions to be applied by the trial court and jury to such testimony are stated by Mauck, J., as quoted in the opinion last cited.

At the time of the injury and death of Wanda

Jasionowski the statute in force, relating to the evidence in cases of this character, was Section 1465-90, General Code, as amended in 109 Ohio Laws, 296. That statute was again amended in 1925 (111 Ohio Laws, 227)'; the amendment becoming effective on July 14 of that year. That amendment authorizes the trial court to exclude from the evidence such portions of the transcript of the Industrial Commission as are not competent, material, or relevant, and to which objection is made or exception taken before the commission. This amendment took effect at a time when plaintiff's action was pending in the court of common pleas, and, as the amendment relates to the remedy, and there is no provision making it applicable to pending actions, the earlier statute must control in this case. *Industrial Commission* v. *Vail,* 110 Ohio St., 304, 143 N. E., 716; *Kossick* v. *Sharon Steel Hoop Co.,* 113 Ohio St., 33, 148 N. E., 343.

The record contains some evidence tending to show dependency.

For the reasons given, the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

WILLIAMS and YOUNG, JJ., concur.