Kinkade, J.
 

 This is an action brought by the defendant in error, the wife and dependent of a deceased employee, whose employer, a board of education, was a contributor to the workmen’s compensation fund, for the recovery of a judgment in her favor against the Industrial Commission, which would entitle her to participate in that fund by reason of the fact, alleged by her to be true, that her
 
 *222
 
 husband lost his life as the result of an injury sustained by him in the course of his employment. The claim was presented to the Industrial Commission, and rejected by the commission upon the ground that the death of the employee had not resulted from any injury received in the course of his employment. An appeal was duly perfected to the court of common pleas, and in that court the claimant recovered a judgment in her favor. This judgment was affirmed by the Court of Appeals. The commission now prosecutes error to this court.
 

 The case is one that may very properly be decided here upon the evidence manifest in the record alone. The employee was the caretaker and janitor of a public school building, and had been continuously' engaged in that same service for several years, under contract with the board of education as employer. The school building was heated with coal, and, among his other duties, the janitor took care of the fires. This necessitated the shoveling of coal into the furnace by the janitor. The petition filed in the court of common pleas averred that, on the day of his death, the janitor was engaged in shoveling coal into the furnace, when he was suddenly attacked with severe pains in the chest and a shortness of breath, which made it necessary for him to stop his work and lie down; that necessary medical aid was promptly
 
 secured;
 
 that his death ensued about 11 o ’clock that night, as a result of the attack mentioned; and that his death was caused by shoveling coal.
 

 The answer filed by the commission admitted that he was shoveling coal into the furnace that day, but denied all allegations in the petition which related
 
 *223
 
 to his death having been caused by an injury received in the course of his employment.
 

 It was admitted in argument in this court by counsel for the commission, that his employment embraced the taking care of the furnace, and that a presumption should be indulged that the janitor shoveled the necessary coal into the furnace to keep the fires going, although there is no direct evidence in the record that he was shoveling coal at the time- of the attack in question.
 

 The record shows that the deceased was afflicted with heart trouble, and had been for- some considerable time prior to the day of his death. This malady did not appear to interfere in any way with the discharge of his duties as janitor. There is no evidence in the record that in the slightest degree tends to prove that the deceased experienced any like symptoms at any time when shoveling coal, prior to the day of his death, or while performing any other duty connected with his employment. In the forenoon of the day upon which he suffered-the attack mentioned, he appeared to others employed in the building to be in his usual state of health and vigor, and gave no indication of any physical trouble. It is clearly evident from the record that his heart trouble was much farther advanced than he realized. His family physician knew that he was thus afflicted with heart trouble, and that it had existed for some months prior to the day of his death. The deceased was found lying in the furnace room by two other persons employed in the building, who summoned the medical aid which he required. No one testified that the deceased was actually shoveling coal when he was attacked with pains in the chest and shortness
 
 *224
 
 of breath. There is no evidence in the record that immediately prior to the attack the deceased was in any way overexercising .himself or doing anything that was not a part of his regular duties, or that he was performing any of his duties in any manner other than as he performed them from day to day. Nothing special or out of the ordinary was required of him by his employer. So far as the record discloses, he was acting of his own volition in the regular and usual daily performance of his duties.
 

 The certificate of the physician, filed with the commission, as to the cause of the death, states that the remote cause of the death was endocarditis, acute dilation of the heart, and that the immediate cause of the death was shoveling coal.
 

 The record shows that the status of the employee in this case is precisely th,e same that it would have been if he had been engaged as a night watchman in a building, whose sole duty was to leisurely patrol the building as a safeguard against trespassers and fires, and at stated times pull the lever on a signal box to indicate to the central station that he was discharging his duty, and had suffered an attack of heart trouble the same as in this case. In that instance the physician’s certificate might very properly have been in the same form as here, respecting the remote cause of the death, that is to say, endocarditis, acute dilation of the heart; and then the certificate might very properly have stated that the immediate cause of the death was leisurely walking around.
 

 It is a well-known and a generally known fact that in any one of several forms of acute heart trouble, the best thing, and perhaps the only thing the suf
 
 *225
 
 ferer can do, to secure relief is to get into a horizontal position and adopt as complete a state of relaxation and repose as is possible, for the obvious reason that any physical activity or mental excitement may produce a fatal result by calling upon the heart for action which it is not then capable of performing. The employee in this case correctly sensed his situation, and adopted the safe course by lying down until the immediate attack should pass away. He might easily have lost his life forthwith if he had attempted further activity or overstrain of any kind. There is an entire absence in the record of any evidence showing, or tending to show, any overstrain or unusual exercise of any kind. It is not claimed, and of course could not be claimed, that the nature of his employment brought on this heart trouble or aggravated it or accelerated it in any way. So far as the record shows, the employee never uttered a word to anyone in any way indicating that his duties had any relation whatsoever to his heart trouble. He was thoroughly familiar with every feature of his employment, and went forward day by day discharging his duties in the usual manner. He needed no instruction from his employer, and the record does not show that the employer called upon him to do anything out of the ordinary line of his work, or that he volunteered himself'to engage in anything which called in any manner for any overstrain. There is no evidence in the record showing that the employee anticipated that any such an attack was liable to come to him. He knew of his heart trouble, as his physician did, but evidently did not consider it of sufficient importance to interfere with his daily duties as janitor and caretaker of the building.
 

 
 *226
 
 The simple, plain, and undisputed facts in the case clearly establish that the death of this employee was not caused by any injury received in the course of his employment. There is not a scintilla of evidence in the record that his death was caused by anything that he was doing immediately prior to the attack that he suffered, and, this being true, the . claim that his death resulted from an injury received in the course of his employment cannot be sustained. The trial court was in error in refusing to direct a verdict in favor of the commission. The judgment of the lower courts will be reversed, and final judgment entered here in favor of the commission.
 

 Judgment reversed and final judgment for plaintiff in error.
 

 Marshall, C. J., Robinson, Jones and Matthias, JJ., concur.