INDUSTRIAL COMMISSION OF OHIO *v.* DUNHAM.

(Decided December 10, 1928.)

*Mr. Edward C. Turner,* attorney general, and *Mr. R. R. Zurmehly,* for plaintiff in error.

*Mr. T. J. Duffy,* and *Mr. F. M. Marriott, Jr.,* for defendant in error.

HOUCK, J.  This is a case arising under the provisions of the Workmen's Compensation Law of Ohio, Sections 1465-37 to 1465-108, General Code. The undisputed facts are as follows:

The defendant in error's husband was in the employ of the Keltner Manufacturing Company of Delaware, Ohio, and while thus engaged, and in the course of his employment, he made several trips carrying some heavy chairs from the second story to the first story of the employer's factory. The regular employment of the decedent was upholstering.

On his last trip carrying chairs as aforesaid, he told some of his fellow employees that he sneezed while carrying one of the heavy chairs down the stairs, and added that he tore something loose inside. He went back upstairs and sat on a box for a while, and then left the factory within a short time after carrying the chairs. Some hours after carrying the chairs and receiving the claimed injury, he died. After the carrying of the chairs, and the coughing spell or spells, his condition continued serious until the time of his death, which was caused by the rupture of a blood vessel near the heart.

The defendant in error, Mary Dunham, the surviving widow of the decedent, made application to the Industrial Commission of Ohio for compensation on account of the death of her husband, which was denied on the ground that death was not the result of an injury sustained in the course of his employment.

A petition was filed in the court of common pleas, and upon trial of the case a motion was made by defendant for a judgment in its favor, and the plaintiff also made a similar motion. The court overruled the motion offered by the defendant, and sustained the motion of plaintiff. Error is now prosecuted to this court.

The plaintiff in error bases its request for a reversal of the judgment below upon the ground that there is no evidence to show that the deceased sustained an injury in the course of his employment.

The evidence shows that the physician who was called to treat Dunham testified that death was caused by a ruptured aneurism of the aorta. The Industrial Commission of Ohio had an autopsy per-

formed by one Dr. Earnest Scott, whose report confirms the attending physician's diagnosis of death. Dr. Scott further testified that the ruptured aneurism might be or could be caused by such exertion as decedent was subjected to in carrying the chairs from one story of the building to the other. There is evidence in the record which discloses clearly that heavy lifting or violent exercise of the kind and nature that decedent was engaged in at the time of the claimed rupture would bring about or result in a condition such as is now claimed was the proximate cause of his death.

In the case of *Fassig* v. *State, ex rel. Turner,* 95 Ohio St., 232, 116 N. E., 104, the fifth proposition of the syllabus reads:

"The provisions in Section 35, Article II of the Constitution, and in the statute with reference to an injury received in the course of employment, refer only to an injury which is the result of or arises out of the employment. Such provisions do not cover any injury which has its cause outside of and disconnected with the employment, although the employee may at the time have been engaged in the work of his employer in the usual way."

In the case of *Industrial Commission* v. *Weigandt,* 102 Ohio St., 1, 130 N. E., 38, the court holds:

"2. The test of right to award from the insurance fund under the Workmen's Compensation Law, for injury in the course of employment is not whether there was any fault or neglect on the part of the employer, or his employees, but whether the employment had some causal connection with the injury, either through its activities, its conditions, or its environments.

"3. The provisions of the law do not cover an injury which had its cause outside of and discon-

nected with the business in which an injured workman was employed. (*Fassig* v. *State, ex rel.,* 95 Ohio St., 232, 116 N. E., 104, approved and followed.)

"4. The statute was intended to provide a speedy and inexpensive remedy as a substitute for previous unsatisfactory methods and should be liberally construed in favor of employees."

Learned counsel for plaintiff in error rely upon the decision of the court in *Industrial Commission* v. *Davis,* 119 Ohio St., 221, at page 223, 162 N. E., 796, wherein the writer of the opinion says:

"No one testified that the deceased was actually shoveling coal when he was attacked with pains in the chest and shortness of breath. There is no evidence in the record that immediately prior to the attack the deceased was in any way overexercising himself or doing anything that was not a part of his regular duties, or that he was performing any of his duties in any manner other than as he performed them from day to day."

Applying this statement to the undisputed and conceded facts in the present case, we need but say that the facts in the two cases are not similar. In the above cited case there was a failure of proof to show that the decedent was in any way overexercising himself, or that he was doing anything that would bring about or cause the death as claimed. Not so in the instant case. The evidence all points to and clearly shows that the violent exercise and overwork of the decedent brought about the condition which caused his death, and that such death resulted from this employment, and had some causal connection with the injury, either through its activities, its conditions, or its environments.

It was plainly the intention of the framers of the Workmen's Compensation Law, or of any amendment thereto, to provide for compensation only to one whose injury was the result of or connected with the employment, and would not cover any case which had its cause outside of and disconnected with the employment, although the employee may at the time have been actually engaged in doing the work of his employer in the usual way.

The following cases, while they may not be directly in point, have been very helpful to us in reaching the conclusion we have in this case: *Indian Creek Coal & Mining Co.* v. *Calvert,* 68 Ind. App., 474, 119 N. E., 519, 120 N. E., 709; *Cowen* v. *Cowen New Shirt Laundry,* 176 App. Div., 924, 162 N. Y. S., 1115; *Crosby* v. *Thorp, Hawley & Co.,* 206 Mich., 250, 172 N. W., 535, 6 A. L. R., 1253; *Doehler Die Castings Co.* v. *McNeely,* 21 Ohio App., 148, 152 N. E., 792.

If we keep in mind the facts in the case now before us for review, and the humanitarian purposes of the Workmen's Compensation Law, and the fact that it is the poor man's insurance, and that, in truth and in fact, he pays for such compensation through his employer in the way and manner of contributing to overhead expenses, and the further fact that the law should be liberally construed, in order that it may carry out the purposes for which it was enacted, we are bound to hold in the light of the authorities herein cited and the reasons herein stated, that there is no prejudicial error in the record before us, and that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.