Marshall, C. J.
 

 A. H. Boyd brought an action in the municipal court of Cleveland, Ohio, against the Royal Indemnity Company to recover “double bene
 
 *516
 
 fits” upon a policy of accident insurance which contained the following clause: “If the injury to the insured be sustained while-riding as a passenger in or upon a public conveyance (including the platform, steps or running board thereof) provided by a common carrier for passenger service * * * the benefits * * * shall be double the respective amounts named * * *.”
 

 At the trial a jury was impaneled, but at the close of the evidence plaintiff moved for a directed verdict and thereupon the defendant joined in the motion for a directed verdict and suggested that the jury be dismissed and the matter be submitted to the court. The jury was accordingly dismissed, and after due consideration the court rendered judgment in favor of the plaintiff. Error was prosecuted to the Court of Appeals of Cuyahoga county, which court reversed the. judgment and rendered final judgment in favor of the Royal Indemnity Company, upon the ground “that the evidence submitted to this court and in the trial court was insufficient in law to entitle defendant in error to judgment.”
 

 The sole question presented to this court for determination is therefore whether there is any evidence tending to support the judgment rendered in the trial court.
 

 The jury having been dismissed, there was no charge of the court upon which error could be predicated, and no question is made as to the admission or rejection of evidence. The Court of Appeals did not reverse on the weight of the evidence.
 

 Boyd intended to board a street car upon one of the streets in Cleveland. The car he intended to board was a trailer car, the entrance to which was
 
 *517
 
 midway of the car. When the street car stopped to take on passengers, a motorbus came alongside of the street car, stopping within 10 or 12 inches of the car, and in such position that the rear end of the motorbus was about 3 feet ahead of the side doors of the trailer. Other passengers preceded Boyd into the car, and before Boyd was inside the car the door was closed and Boyd’s foot was caught in the door. There is some conflict in the evidence as to the exact position of Boyd, and as to the progress he had made in entering the car; but there is at least some evidence tending to prove that his body was supported by the step of the car and that he was at that time holding to one of the handrails with one of his hands. The door being closed and his entrance into the car being barred and his foot being fastened, he had no alternative except to hold to the handrail, and while in this position the car started. The bus not yet having started, Boyd was caught between the car and the bus and his body seriously crushed. Under the state of the record, as it has been submitted to this court, this court is required to give that construction to the testimony which is most favorable to Boyd, inasmuch as the trial court resolved the facts in his favor and the Court of Appeals did not reverse on the weight of the evidence, and this court is not required to weigh the evidence.
 

 If this controversy were between Boyd and the railroad company, there would be no question as to his having become a passenger, and become entitled to all the rights and protection due to a passenger. As between Boyd and the insurance company a different situation arises, because the company’s liability turns, not upon the question whether Boyd
 
 *518
 
 was a passenger, but upon whether his situation was such as to come within the language of that clause of the policy above quoted. That is to say, whether at the time of his injury he was “riding as a passenger in or upon a public conveyance (including the platform, steps or running board thereof).” In order to be considered as “riding as a passenger in or upon a public conveyance” it is not necessary that the car should have been in motion. If he had entered the car, and had taken a seat, he would be riding in the conveyance, even though the conveyance never started after his entering the car. On the other hand, even though he has not completely entered the car, and the car nevertheless starts, and carries him for even a short distance, if the weight of his body in any substantial manner rests upon the “platform, steps or running board,” he must be held to come within the limitations of the policy.
 

 It is urged by the defendant in error that, when the Court of Appeals reversed the judgment on the ground that the evidence in the trial court was insufficient in law to entitle defendant in error to judgment, such action of reversal amounted to a reversal upon the weight of the evidence. We are unable to agree with this interpretation of the entry of reversal. The correct interpretation of that language is that the Court of Appeals found that the undisputed evidence in the trial court would be insufficient in law to bring the case within the terms of the double benefit clause in the insurance policy.
 

 We have carefully examined the opinion rendered by the Court of Appeals, and have carefully studied its interpretation of the evidence, but, with the ut
 
 *519
 
 most respect for that court and its opinion, we have reached a different interpretation.
 

 The judgment of the Court of Appeals will therefore he reversed, and the judgment of the municipal court affirmed.
 

 Judgment reversed.
 

 Robinson, Jones, Matthias and Allen, JJ., concur.
 

 Day, J., not participating.