## BARNES v INDUSTRIAL COMMISSION

Ohio Appeals, 6th Dist, Lucas Co
No 2318. Decided Feb 10, 1930

J. Harrington Boyd and Wm. F. & H. Henry Miller, all of Toledo, for Barnes.

Calkins, Storey & Nye, Toledo, for Commission.

RICHARDS, J.

The first question for determination is whether the proceeding was under the law in force at the time the first application for compensation was filed on August 16, 1920, or whether it is controlled by the law in force at the time the application for modification of award was filed on December 10, 1927. The importance of determining this question is apparent from the fact that under the latter law the claimant before appealing is required to make application for rehearing and to offer evidence on such application and to appeal from the decision thereon and then to introduce such evidence as was then received or such competent evidence as had been offered.

It will be noticed that no final disposition of the claim had been made by the Industrial Commission prior to the time that the application for modification was filed on December 10, 1927, the former orders having been simply temporary allowances and jurisdiction of the claim being retained for further consideration. While it was so retained the application for modification was filed and was received by the commission and considered under the same number and title as when the claim was originally filed in 1920. We think this should be construed as a continuation of the same proceeding by way of supplement or amendment and not the commencement of a new proceeding. If the original application had been finally disposed of and the time for filing an application for rehearing had elapsed, and thereafter additional injuries resulting from the same accident had developed, a different situation might well be presented.

Reliance is placed on **Industrial Commission vs. Monroe, 27 Ohio App., 169,** but in that case the opinion lays stress upon the fact that a final award had been made of the maximum amount allowable per week, and no further proceedings were taken or action had until nearly two years thereafter. Under such facts the Court of Appeals held that the application, while denominated one for modification, should be treated as a new application. We think the decision reached under such facts is not applicable to a case where the original proceeding has not been finally ended, but jurisdiction has been retained by the Commission for the making of such further orders as may be appropriate. There was therefore but one proceeding before the Industrial Commission in the case now under consideration and that would be governed by the law in force at the time the original application was filed on August 16, 1920, as held by this court in **Jasionowski vs. Industrial Commission, 22 Ohio App., 112, 117.**

The only order from which the claimant undertook to appeal was that of December 14, 1928, and that order recites that the Commission had not as yet recognized the claim filed for loss of the right leg, and for that reason it dismissed the application for rehearing and directed that the case be held on the question of granting further compensation for any existing disability due to injury. As we construe this language, the Industrial Commission still retained jurisdiction to consider and determine the claim filed for the injury to the right leg if it should find that such injury occurred on August 7, 1920 in the course of the employment.

It does not appear that the Commission found it had no jurisdiction of the claim or no authroity to inquire into the extent of disability or the amount of compensation. The order does not deny the right of the claimant to receive some compensation, nor his right to continue to participate. On the contrary, the record shows that the Industrial Commission has and asserts continuing jurisdiction as to the extent of the claimant's injuries received on August 7, 1920 and the amount he should be paid.

The order made on December 14, 1928 was not of such character as would authorize an appeal. It follows, therefore, that the court of common pleas had no jurisdiction on the attempted appeal to that court and the appeal should have been dismissed.

Judgment reversed and, proceeding now to enter the judgment which should have been entered in the court of common pleas, it is ordered that final judgment be entered dismissing the appeal of Claude F. Barnes to the court of common pleas.

Judgment reversed and appeal to court of common pleas dismissed.

Williams and Lloyd, JJ., concur.