Matthias, J.
 

 Two questions are presented by the record: (1) Whether there was evidence tending to show that Wrobel’s death was the result of an injury occasioned in the course of his employment; and (2) whether the trial court erred in excluding evidence tendered in the trial of the case.
 

 As pointed out in the opinion in
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38, the Legislature would not have power to make any broader provision than the Constitution of the state authorized it to make, and the language there (Article II, Section 35) used in authorizing the payment of compensation is “for death, injuries or occupational
 
 *267
 
 disease, occasioned in the course of such workmen’s employment # * V’ It was held in that case that it is essential that the employment have “some causal connection
 
 * *
 
 * with the injury, either through its activities, its conditions, or its environments.” Hence, to entitle the claimant to an award of compensation the burden rests upon the claimant for an award for death of an employe to produce evidence not merely of the fact of the death of the employe, while engaged in the employment, but to produce evidence of an injury, that such injury was sustained by the decedent while in the course of his employment, and that the injury arose out of a hazard of the business or service in which he was engaged.
 

 For at least eight years Wrobel’s work had been that of a sand shoveler and operator of a sand-sifting machine, his work being done on a piecework basis, and within his own control, there being no foreman present. The hours of his work were from 3 p. m. to 2:30 a. m. On the night in question here, he continued his work until twelve or one o’clock, when he stopped for a time and ate his lunch; thereafter he did not shovel sand, but had started the sand-sifting machine. A few minutes later he was discovered by a fellow workman upon a sand pile where he had apparently fallen, and was dead when his fellow workman reached him.
 

 There is no substantial dispute in the medical evidence as to the cause of the death. A physician called as a witness by the claimant concedes that the conclusions of the coroner from his own findings were correct, except the anatomical diagnosis of syphilis which be thinks unjustifiable. It was thereby conceded that the causes of death were as found by the coroner, except the condition of syphilis, and these were as follows: “Acute dilation of the right ventricle. General arterio-sclerosis, including the coronary arteries.
 
 *268
 
 Moderate chronic diffuse nephritis. Edema and congestion of the lungs and brain.”
 

 The basis of the claim made for compensation is that there had been some unusual exertion upon the part of Wrobel arising from the necessity of extra work due to the absence of a fellow workman engaged in the same kind of labor. It does not appear that there had been any complaint by Wrobel on the night in question of either the extent or the character of the work or as to his physical condition. Nor does it appear that there was any difference in the manner of performing his duties than that to which he had been accustomed during the eight years or more in which he had been engaged in that kind of employment. The record discloses that because of the advanced condition of organic disease the sudden death of Wrobel was probable with or without extraordinary physical exertion. The trial court would not have been warranted in submitting the case to the jury upon the theory that from the single fact that a workman was absent an inference could be drawn that Wrobel volunteered to do additional work and the inference therefrom that he had in fact done any additional work prior to his physical collapse, or that, if he had, it was of such character as to require additional exertion and that such additional exertion had a real causal relation to his death. There was no evidence that any injury had in fact been occasioned to Wrobel in the course of his employment.
 

 The action of the trial court in directing a verdict for the defendant in this case was fully warranted by the decision of this court in the case of
 
 Industrial Commission
 
 v.
 
 Davis,
 
 119 Ohio St., 221, 162 N. E., 796.
 

 The evidence tendered upon the trial in the common pleas court which was excluded was the testimony of a physician who had not been a witness in the hearing before the industrial commission. The claimed error of the court in refusing to receive such evidence
 
 *269
 
 was based upon the contention that the portion of Section 1465-90, General Code, which provides that in the trial of such case in the common pleas court the right of the claimant to participate, or to continue to participate, shall be determined “upon the evidence contained in such record and no other evidence,” is inconsistent and in irreconcilable conflict with the fundamental purpose of the provisions for appeal, and further that such limitation upon the introduction of evidence is unconstitutional. What is “the fundamental purpose of the provisions for appeal?” Clearly it is to provide an opportunity for the claimant to present to the court fully and completely the evidence relating to the question presented to the court or jury for decision. But is that purpose not fulfilled by the very statute which provides the remedy and prescribes the method of procedure? There have been many changes in the workmen’s compensation law since its original enactment, and the law as it now exists is the result of persistent effort to protect the rights of a claimant for compensation and at the same time properly safeguard the workmen’s compensation fund.
 

 Prior to the last amendment of this section in the respect now under consideration, the section contained the provision that the claimant shall be “entitled to a trial in the ordinary way. ” This court was called upon to construe the statute as amended in 109 Ohio Laws, 296, in the case of
 
 Industrial Commission
 
 v.
 
 Hilshorst,
 
 117 Ohio St., 337, 158 N. E., 748. By reason of the provisions of the statute in the form then under consideration, which provided that the claimant was ‘ ‘ entitled to a trial in the ordinary way,” and the absence of a provision therein affording the claimant opportunity to fully and completely present his case to the court, this court held that to deny the claimant’s application to present evidence other than that contained in the record certified to the court by the industrial commission would thwart the fundamental purpose of
 
 *270
 
 the provision for appeal, and therefore held that under the statute in the form then before the court the limitation indicated by the clause “upon the evidence contained in such record and no other evidence” was unenforcible.
 

 Section 1465-90, General Code, in the form now presented, was before this court for construction in
 
 Industrial Commission
 
 v.
 
 Ramsey,
 
 119 Ohio St., 497, 164 N. E., 509; the question presented being whether a rehearing upon application of the claimant was a prerequisite to an appeal to the common pleas court. We there had under consideration Section 1465-90, as amended in 111 Ohio Laws, 227, which gives the claimant the right first to present his claim informally, and, if the claim is then denied, the right to file an application for rehearing, whereupon the former action of the commission shall be vacated and the commission be required to grant a rehearing. An opportunity for full and complete hearing is thus provided, and the evidence for and against allowance of the claim is submitted as in the trial of civil actions. As suggested in the opinion in the case last cited the Legislature without burdening either the industrial commission or the claimant with a formal hearing in the first instance has now afforded to a dissatisfied claimant an opportunity upon a rehearing, which is made mandatory upon the commission, to make full and complete presentation of his case, and the commission is directed to pass upon the admissibility of evidence, and either party may at the time make objection and take exceptions to the ruling of the commission thereon, and if the commission refuses to admit any evidence the party
 
 offering
 
 the same shall state the nature of such evidence and the manner in which such party proposes to prove the same, and such statement shall be made a part of the record of such rehearing. It secures to the claimant the right to a second hearing and consideration. of his claim by the industrial commission, and? on
 
 *271
 
 the other hand, requires a full presentation of claimant’s case to that tribunal, which results in the allowance of many claims previously denied, and thus averts further litigation.
 

 We are therefore unable to see any basis for the contention that the requirement of the statute that the trial of the issue in the court of common pleas shall be upon the evidence contained in the record, and no other evidence, is in conflict with the fundamental purpose of the provision for appeal. On the contrary it is entirely consonant with and promotive of that very purpose. There is no claim in this case that the proceeding before the commission was not in full and complete compliance with every requirement of the statute, or that claimant was not accorded the opportunity upon the rehearing to present all the evidence available in support of her claim for compensation. There is no foundation for the contention that such statutory provision deprives the claimant of any right under the state or federal constitutions. The claim asserted is for compensation from a fund created in the manner provided by statute, pursuant to authority conferred by the state constitution, which expressly authorizes the creation of a board empowered to administer and distribute such fund and “to determine all rights of claimants thereto.”
 

 In any event, it is well settled that an opportunity given to test by review in the courts the lawfulness of an order made by the commission does not deny due process because on such review new evidence is not allowed, and because the court must act on the evidence already taken, if the court is not bound by the findings and the party affected had the right on the original hearing to introduce evidence as to all material points.
 
 State of Washington, ex rel. Oregon Bd. & Navigation Co.,
 
 v.
 
 Fairchild,
 
 224 U. S., 510, 32 S. Ct., 535, 56 L. Ed., 863.
 

 The judgment of the Court of Appeals is therefore
 
 *272
 
 reversed, and that of the common pleas court is affirmed.
 
 '
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Stephenson, JJ., concur.