By the Court.
 

 On February 27, 1925, plaintiff in error, Joe Wahowiak, was injured by a boiler explosion at the plant of the Willys-Overland Company, and his hands, face and arms were severely burned. In March following he filed with his employer an application for compensation and for medical services. The employer paid the medical services and doctor’s bills, and also paid him $18.75 per week from March, 1925, to November 15, 1926, for temporary total disability. Plaintiff in error was afterwards given $19.20 as a weekly wage for continuous light employment until March, 1929, when he was discharged. During that employment his employer paid him compensation at the rate of $10.75 per week until August 3,1928. The
 
 *492
 
 foregoing facts are conceded in the brief of counsel for plaintiff in error.
 

 The proceeding before the Industrial Commission discloses that, from time to time, an investigation of plaintiff in error’s disability was made by the commission, where various hearings were had and various continuances made. On July 17, 1929, the commission ordered the case to be continued, and the claimant was urged to take up suitable light employment and to file wage statements. At the hearing on November 6, 1929, the commission adopted a resolution requesting the employer to place a statement on file showing payments made to the claimant on wage impairment to March 13, 1929, and then ordered the case held for future decision. On November 27,1929, the Industrial Commission received from the claimant what he denominated an “Application for modification of award.” This application came on for hearing before the commission, and on March 6,1930, the application for modification of award was dismissed. No application for rehearing was filed to that order and no rehearing was had.
 

 Plaintiff in error perfected his appeal to the court of common pleas, and when he had introduced a transcript of the record of the commission and oral evidence in his behalf the defendant in error moved the trial court that the evidence be arrested from the jury, and a verdict directed, for the reason that the trial court had no jurisdiction of the subject-matter. This motion was sustained by the trial court, and judgment was entered for the defendant in error. The reason assigned by the trial court for the directed verdict was that the Industrial Commission had “taken no final action prohibiting the applicant from receiving compensation.” The judgment of the trial court was affirmed by the Court of Appeals.
 

 The entire record before the commission discloses that it still retains jurisdiction over the claim of the
 
 *493
 
 applicant. This is apparent from the continuances made in the case from time to time. The last order made by the Industrial Commission, on November 6, 1929, was an order to the employer to file a statement showing payments made to the claimant on wage impairment, and ordering the ease “held for decision.” The application for modification made on November 27, 1929, was not a new application, nor the beginning of a new proceeding; and in dismissing it the commission very evidently considered that it still retained jurisdiction over the claim, and, not being satisfied with the proof as to the extent of his disability, it continued the proceedings until such proof should be furnished.
 

 We are of the opinion that, under the record of the proceedings before the commission, as shown by the transcript, the commission still has jurisdiction of the claim, and for that reason the judgments of the lower courts should be affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.