## INDUSTRIAL COMMISSION v STIFFLER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1139. Decided April 14, 1933

Calvin Crawford, Prosecuting Attorney, Dayton, By Gene Bacher, Dayton, for plaintiff in error.

Heald, Zimmerman, Clark & Machle, Dayton, for defendant in error.

BARNES, J.

This is the sole and only ground of error complained of.

Our attention has been called to the following decisions of the Supreme Court:

Industrial Commission v Kauffman, 119 Oh St, 494.

State ex Kauffman v Industrial Commission, 121 Oh St, 472.

Grabler Mfg. Co. v Wrobel, 181 NE, 97.

Also §1465-90 GC.

The above section contains the following language:

"and the court or the jury under the instructions of the court, if a jury is demanded shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence."

The language of the section just quoted is so positive that it needs no construction. This court in the case of Crawford v Industrial Commission, Montgomery County, decided January 4th, 1932, (13 Abs 185) determined the above provisions of the Code to be constitutional. While it is true that the Supreme Court reversed our findings in this case it was not upon the question of the constitutionality of the Section but entirely on other questions.

Counsel for defendant in error urge that the question raised in the instant case was not involved in the three cases above cited and that the opinion of the Supreme Court in these cases is purely dictum. We reiterate herein the following language found in the opinion of this court in the Crawford case.

"However, it is obvious by the language employed, namely, the purpose to give guidance to all who might be concerned in the future respecting the trial of these cases on appeal, that the court give mature consideration to the question and spoke advisedly. Its pronouncement is definite and certain and must be respected as indicating the judgment of the members of the court who concurred in the opinion on the effect of §1465-90 GC in the particular discussed."

While the above language was directly referable to State ex Kauffman, it has equal application to the other two cases cited.

Prior to the amendment of §1465-90 GC July 14, 1925 it was permissible to introduce initial testimony before the trial court. This was so decided in the Hillshort case 117 Oh St, 337. The language then in the statute, "trial in the ordinary way" was the controlling language of the statute upon which the Supreme Court at that time based its conclusion.

Under the amendment of July 14, 1925, this particular language was omitted.

Counsel for plaintiff below urge the further proposition that regardless of whether or not the introduction of initial evidence in the trial court was error, it is not prejudicial for the reason that such evidence was not material. We have examined the record very carefully in an effort to sustain the trial court on this last theory, but our conclusion is that the evidence is material and while it may be true that this evidence was cumulative of the other evidence and further that such other evidence read from the transcript was ample to sustain the verdict, yet it being a jury question the court is not able to say just what effect this additional evidence had upon the final determination. The entire question of credibility was with the jury and they had the right as they saw fit to disbelieve the testimony of any or all witnesses. It cannot be determined as a matter of law that the verdict would have been the same regardless of the introduction of this improper testimony. Being of the opinion that the introduction of the additional testimony in the Common Pleas Court was error and under the state of the record prejudicial, we are constrained to the finding that the judgment must be reversed.

Exceptions will be allowed to the defendant in error.

Cause will be remanded to the trial court for further action. Counsel will draft entry in accordance with this opinion.

HORNBECK, PJ, and KUNKLE, J, concur.