By the Court.
 

 Josephine McWilliams is the widow of one Marcellus McWilliams, who, on January 23, 1929, was injured while he was an employe of a company which had complied with the Workmen’s Compensation Law. (Sections 1465-37
 
 et seq.,
 
 G-eneral Code). McWilliams died on June 1, 1930. The widow made application to the commission for an award on
 
 *509
 
 account of Ms death, which the commission demed for the reason that the proof failed to show death resulted as a result of said injury. She thereupon filed her appeal in the common pleas court, which, in addition to the foregoing facts, alleged that McWilliams suffered his injury while he was riding in an automobile which skidded and overturned, causing him physical injuries from which he thereafter died.
 

 In the common pleas court the Industrial Commission filed an answer in which it admitted the employment, the compliance of the company with the Workmen’s Compensation Law, the dependency of the widow and the proceedings before the commission for compensation; but denied every other allegation contained in the petition. It was stipulated that the injuries were sustained while in the employ of his employer. At the close of the evidence the commission moved for a directed verdict in its favor. This motion was overruled by the trial court, the defendant commission excepting thereto.
 

 The jury found in favor of the plaintiff. A judgment was rendered in her favor and that was affirmed by the Court of Appeals. The cause is now in this court after allowance of the commission’s motion to certify.
 

 The injury occurred after the decedent’s automobile had skidded and struck a bridge, causing his car to overturn. His injuries consisted of a crushed finger, necessitating amputation, and also lacerations of the face, head and eye. On February 1, 1929, McWilliams applied to the commission for compensation, which the commission awarded and paid until March 29, 1929; the attending physician at the time certifying that his disability would likely exist for a period of four weeks. Some time after the accident he returned to work for his employer, the latter paying the decedent his regular salary until death occurred. After his injury he complained on several occasions of dizziness, and of
 
 *510
 
 pain in his back, head and chest. The physician who was called, and who reached the decedent a few minutes before his death, and who signed the death certificate, put the cause of his death as angina pectoris.
 

 The plaintiff’s counsel asked this physician this question: “Are you positive that was the cause of his death?” He answered: “I would not swear to it, no sir.” He further stated that it would be impossible to tell the cause of his death at the time he saw him; that so many things could enter into such a cause; and that “angina pectoris is one of the things that covers a multitude of sins.” He was asked on cross-examination whether, in his opinion, it was a heart condition that caused his death. He answered that he could not “swear positively * * * that heart disease killed him.”
 

 It is manifest from this evidence that, while the decedent had suffered some pain on various occasions between the time of his injury and his death, there is no probative evidence contained in the record that his death was caused or accelerated by the injuries he received about seventeen months prior thereto. There is no proof of a causal connection between the injury and death. The only direct testimony upon that feature was the testimony of the physician called by the plaintiff, who, when questioned, testified that he did not know whether he had angina pectoris; or, that if he had such disease, whether it was induced or caused by the injuries sustained in 1929. Proof of this necessary and vital fact, tending to establish a causal connection between the injuries and death, was lacking. While the burden was upon the plaintiff, the jury could only guess at the real cause of death.
 

 Since there was no evidence offered by the plaintiff tending to establish a causal connection between the injuries and death, it was error for the trial court to overrule the motion of the commission for a directed
 
 *511
 
 verdict in its favor.
 
 Industrial Commission
 
 v.
 
 Davis,
 
 119 Ohio St., 221, 162 N. E., 796.
 

 For the reasons stated the judgments of the courts below will be reversed and final judgment entered in favor of plaintiff in error.
 

 Judgment reversed.
 

 Day, Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Weygandt, C. J., dissents.
 

 Kinkade, J., not participating.