Gorman, J.
 

 While the Court of Appeals in its journal entry, used the unfortunate term that there was no “credible evidence” to sustain the finding that Patrick Peer’s death was due to an injury sustained in the course of his employment, inasmuch as final judgment was entered in favor of the Industrial Commission, it
 
 *63
 
 is obvious that it found that reasonable minds could arrive at but one conclusion. See
 
 Boyd
 
 v.
 
 Royal Indemnity Co.,
 
 120 Ohio St., 515, 166 N. E., 580.
 

 The ease was tried to the court without the intervention of a jury, but the test as to whether final judgment should have been entered in the Court of Appeals would be the same as if the jury had determined the matter in the Court of Common Pleas. The general findings of the trial court rendered without the aid of a jury áre entitled to the same credence as those of a jury.
 
 Bethel
 
 v.
 
 Woodworth,
 
 11 Ohio St., 393, 397;
 
 Jack
 
 v.
 
 Hudnall,
 
 25 Ohio St., 255;
 
 Kilgore
 
 v.
 
 Emmitt,
 
 33 Ohio St., 410.
 

 It is our function to determine, upon the entire evidence submitted, in the light of circumstances most favorable to the plaintiff, whether reasonable minds can not reach the conclusion that the injury which Peer received on April 28, 1934, caused his death on July 15, 1934. See
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246;
 
 Hubach
 
 v.
 
 Cole,
 
 133 Ohio St., 137, 12 N. E. (2d), 283.
 

 It must be conceded that Peer received an injury to his back on April 28, 1934, and sometime later it was placed in a plaster cast. The undisputed evidence likewise shows that Peer’s death was due to septicemic poisoning known as Ludwig’s angina. In order for the plaintiff to be entitled to participate in the State Insurance Fund, there must be evidence from which it could reasonably be adduced that Peer’s death was attributable to, or connected with, the injury to his back.
 
 Industrial Commission
 
 v.
 
 Schick,
 
 125 Ohio St., 491, 181 N. E., 892.
 

 After an injury, ailments or disorders may follow, ending in death. It becomes necessary under such circumstances to determine whether the death was the proximate result of the injury. While the Workmen’s Compensation Law makes no reference to proximate cause, it would seem that, the question as to an in
 
 *64
 
 dependent intervening canse and the completeness of the chain of causation should be governed by the rules of law pertaining to proximate cause. In other words, there must be a direct causal connection between the injury and death.
 
 Industrial Commission
 
 v.
 
 Davis,
 
 119 Ohio St., 221, 162 N. E., 796;
 
 Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 181 N. E., 894;
 
 Industrial Commission
 
 v.
 
 McWilliams,
 
 126 Ohio St., 508, 186 N. E., 97.
 

 The attending physician, at the time of Peer’s injury and at the time of his death, was not called as a witness. We have only his statement in the death certificate as to the cause of death.
 

 The only medical testimony offered either by the widow or the Industrial Commission is that of Dr. Thomas Burke. Dr. Burke never had personally seen the deceased, and testified solely as an expert on the causes of death.
 

 Seventeen hypothetical questions were propounded to the doctor to all of which he gave an affirmative answer by saying, “Yes.” In answer to two of these in the form above stated, he gave his opinion that the death of Patrick Peer was caused or contributed to in a material or substantial degree by the injury he sustained on April 28, 1934. When he was asked to explain this opinion he replied as follows: “With the injury of the back and continued pain of what we call arthritis, an effort would he made to find a contributing cause, in this case infected teeth. The drawing of those set up an active infection, resulting in what you would call Ludwig’s angina with death following, that is, blood poisoning.”
 

 This testimony .does not have all of the directness that might be desired, but a majority of the court is of the opinion that since Dr. Burke was not cross-examined and no other medical evidence was offered, his testimony cannot be rejected entirely. It was sufficient evidence from which a reasonable man could deduce
 
 *65
 
 that the injury and the blood poisoning did have a direct causal relationship.
 

 The direct causal relationship in this case could be proven only by expert medical evidence. Neither laymen nor courts could say whether a back injury, such as Peer had, caused or contributed to his death by Ludwig’s angina.
 

 True, testimony of this nature has often been criticized, but that would not present a reason for its entire rejection unless it would appear so contradictory as to be without value. As said in 17 Ohio Jurisprudence, 438, 439, Section 345: “The notorious fact that experts of equal credibility and skill are found in almost every important case, testifying to directly opposite conclusions, illustrates the fallibility of such testimony. Also the practice prevails to some .extent of employing expert witnesses and paying them for their services amounts depending upon their skill, or even upon the result- of the action. These and similar considerations have led to those strictures upon expert testimony so often made in instructions to juries or in judicial decisions. * * * However, opinion evidence, if the best and only evidence practicably obtainable on a matter in issue, is not without probative value, but is entitled to consideration by the jury in /connection with their own knowledge of the subject of inquiry, and should be given' such weight as, in their judgment, it merits.”
 

 Not being able to take judicial notice of any scientific matters to the contrary, a majority of the court is of the opinion that Dr. Burke’s testimony did have probative value as to the cause of death, and that reasonable minds could reach the conclusion therefrom that the trial court reached in this case. The Court of Appeals, therefore, erroneously entered final judgment for the Industrial Commission.
 

 •This conclusion does' not necessitate, however, an affirmance of the judgment of the Court of Common
 
 *66
 
 Pleas. The Court of Appeals passed upon only one assignment of error — whether the judgment of the Court of Common Pleas was contrary to law. It in effect held that the Industrial Commission was entitled to an instructed finding in its favor.
 

 One of the assignments of error submitted for review was that the judgment of the Court of Common Pleas was not sustained by sufficient evidence.
 

 Reasonable minds may not be able to reach different conclusions upon the evidence. In that event an instructed verdict or finding is required. If such a finding is made in the Court of Appeals, final judgment is properly entered. If, however, the court is compelled to weigh the evidence, and the verdict, finding or judgment is manifestly against the weight of the evidence, under our statutes final judgment cannot be rendered, but the cause can only be remanded for a new trial. Nothing in the case of
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co., supra,
 
 in any way changed that distinction.
 

 So, in the case before us the Court of Appeals has never passed upon the weight of the evidence. Under the provisions of Section 12223-21, General Code, “all errors assigned shall be passed upon by the court” reviewing the judgment.
 

 While the presumption is that the Court of Appeals in rendering its judgment passed upon all errors
 
 (Weaver
 
 v.
 
 Columbus, Shawnee & Hocking Ry. Co.,
 
 76 Ohio St., 164, 81 N. E., 180) if it affirmatively appears that some of the assignments of error were not passed upon, the cause may be remanded to the Court of Appeals for the consideration of such errors.
 
 Kramer
 
 v.
 
 Toledo & Ohio Central Rd. Co.,
 
 53 Ohio St., 436, 42 N. E., 252. See also,
 
 Deschler
 
 v.
 
 Franklin, Exr.,
 
 66 Ohio St., 656, 65 N. E., 1127;
 
 Taylor
 
 v.
 
 City of Toledo,
 
 96 Ohio St., 603, 118 N. E., 1087.
 

 This is particularly true where the Court of Appeals failed to pass upon questions of the weight of the evi
 
 *67
 
 dence. Under the provisions of Section 12223-31, General Code, this court is not “required to determine as to the weight of the evidence. ’ ’ Since it has long been the established practice of this court not to weigh the evidence, to do so not only would be unwise, but it would also be a departure from a salutary rule of long standing. See
 
 Foster
 
 v.
 
 Scottish Union & National Ins. Co.,
 
 101 Ohio St., 180, 185, 127 N. E., 865;
 
 Ohio Collieries Co.
 
 v.
 
 Cocke,
 
 107 Ohio St., 238, 251, 140 N. E., 356;
 
 McNab
 
 v.
 
 Cleveland Park Commissioners,
 
 108 Ohio St., 497, 500, 141 N. E., 332;
 
 Katz
 
 v.
 
 American Finance Co.,
 
 112 Ohio St., 24, 29, 146 N. E., 811;
 
 E. Kahn’s Sons Co.
 
 v.
 
 Ellswick,
 
 122 Ohio St., 576, 579, 172 N. E., 668;
 
 Maus
 
 v.
 
 Auglaize National Bank,
 
 125 Ohio St., 32, 35, 180 N. E., 378.
 

 While the court is not required to pass upon assignments of error not argued by brief, it may, in its discretion, so do. See Section 12223-21, General Code. The court is of the opinion that in this case the Court of Appeals should determine whether the finding was against the weight of the evidence.
 

 For the reasons stated, the judgment is reversed and the cause remanded to the Court of Appeals with instructions to pass upon questions pertaining to the weight of the evidence.
 

 Judgment reversed and cause remanded.
 

 Day, Williams and Myers, JJ., concur.