Firth, Jr., Appellee, *v.* Industrial Commission of Ohio, Appellant.

(No. 8235—Decided June 10, 1957.)

*Mr. William Isaacs,* for appellee.
*Mr. C. William O'Neill,* attorney general, *Mr. William Keating* and *Mr. Richard A. Morris,* for appellant.
*Mr. C. R. Beirne,* for Trailmobile Company.

Hildebrant, P. J. This appeal is on questions of law in a workmen's compensation case, wherein, upon motion made after the issues were made up in the Common Pleas Court, the court made the following order:

"This matter came on for hearing upon the motion of the plaintiff to remand the transcript or record of proceedings filed in this case, to the Industrial Commission of Ohio, and upon

consideration whereof, the court finds said motion well taken and hereby grants same, and the clerk of courts is ordered to transmit the record or transcript of proceedings back to the Industrial Commission of Ohio for the express purpose of taking additional testimony on behalf of the plaintiff.

"To all of which defendant, by counsel, duly excepts."

Section 1465-90, General Code (123 Ohio Laws, 258), applicable herein, provided in part:

"Within ten days after the filing of the answer the Industrial Commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence * * *."

Such section became Section 4123.51, Revised Code, which was repealed effective October 5, 1955.

It is contended, in effect, that due process will be denied if the order of the Common Pleas Court is held to be ineffective.

The Industrial Commission has by rule limited claimants to two hearings before the referee on rehearing, and the record before the court reveals that claimant here on two dates, September 12, 1951, and November 20, 1951, offered his evidence in support of his claim, and at the close thereof, the record recites, "claimant rests under the two hearing rule."

In regard to Section 1465-90, General Code, the fourth paragraph of the syllabus of *Grabler Mfg. Co.* v. *Wrobel,* 125 Ohio St., 265, 181 N. E., 97, is as follows:

"The provision of that section that, upon the hearing in the Court of Common Pleas, the right of the claimant to participate or continue to participate in such fund shall be determined upon the evidence contained in the record of the hearing before the Industrial Commission and no other evidence, is a valid requirement and is not violative of any provision of either the state or federal Constitution."

And, at page 271, it is stated:

"In any event, it is well settled that an opportunity given to test by review in the courts the lawfulness of an order made by the commission does not deny due process because on such

review new evidence is not allowed, and because the court must act on the evidence already taken, if the court is not bound by the findings and the party affected had the right on the original hearing to introduce evidence as to all material points. *State of Washington, ex rel. Oregon Rd. & Navigation Co.,* v. *Fairchild,* 224 U. S., 510, 32 S. Ct., 535, 56 L. Ed., 863.''

Concerning the character of a workmen's compensation case, the Supreme Court stated in *Miles* v. *Electric Auto-Lite Co.,* 133 Ohio St., 613, 615, 616, 15 N. E. (2d), 532:

''The trial in the Court of Common Pleas is in the nature of an appeal from the Industrial Commission. When the action is filed in the Court of Common Pleas the record of the evidence has already been made. The only purpose of the pleadings is to properly start the action, give due notice by summons to the defendant, whether it be the Industrial Commission or the employer, and to set forth concisely the character of the action involved. Since the only purpose of the trial in the Court of Common Pleas is to 'determine the right of the claimant to participate or to continue to participate in such fund' from the evidence contained in the transcript, the issue in reality has already been made. As set forth in Section 1465-90, General Code, the law has defined that issue to be the 'right of the claimant to participate or to continue to participate in such fund.' If there be questions relating to procedure or jurisdiction, which the defendant wishes to raise, timely objection, by motion or other objection, should be made before the introduction of evidence.''

The Supreme Court, in *Drakulich* v. *Industrial Commission,* 137 Ohio St., 82, 27 N. E. (2d), 932, held in the first paragraph of the syllabus:

''Affidavits in support of a claimant's motion to open the rehearing of his claim for the purpose of introducing additional testimony, which affidavits were not offered in evidence or considered by the commission on rehearing of the claim, cannot be offered in support of such claim on appeal before the Common Pleas Court even though counsel have stipulated that such affidavits may be considered as being a part of the rehearing record and may be read to the jury as such.''

This court, in *Roberts* v. *Cincinnati Gas & Electric Co.,* 97

Ohio App., 475, 476, 127 N. E. (2d), 217, stated that "Section 1465-90, General Code (Section 4123.51, Revised Code), limits the evidence at the trial in the Common Pleas Court to that in the certified record, but does not prescribe the details of the trial procedure."

It was held in *Hallworth* v. *Republic Steel Corp.*, 153 Ohio St., 349, 91 N. E. (2d), 690, in the fifth paragraph of the syllabus:

"An appeal by a claimant for workmen's compensation to the Common Pleas Court, pursuant to the provisions of Section 1465-90, General Code, represents an action or proceeding within the meaning of Section 26, General Code, which action or proceeding is separate from the proceeding resulting from the filing of the original claim with the Industrial Commission."

In the unreported case of *Gireak* v. *Industrial Commission* (No. 1257, Court of Appeals for Trumbull County), an order, identical with the one under review here, was reversed as being beyond the power of the court.

In the light of the foregoing, we conclude that upon the perfecting of the statutory appeal to the Court of Common Pleas, the mandatory provisions of Section 1465-90, General Code, applicable here, control, the Court of Common Pleas is required to hear the case upon the record and transcript certified to it by the Industrial Commission, and no jurisdiction reposes in the Court of Common Pleas to remand the record for additional testimony, nor does jurisdiction repose in the Industrial Commission for further rehearing after certification to the Court of Common Pleas of the record made according to law.

The judgment of the Court of Common Pleas is reversed and the cause remanded to that court for further proceedings upon the original transcript as certified by the Industrial Commission.

*Judgment reversed.*

MATTHEWS and LONG, JJ., concur.