By the Court.
 

 In this action the plaintiff in error, Mabel Weaver, recovered a judgment in the court of common pleas of Lucas county entitling her to partici
 
 *466
 
 pate in the state insurance fund. Upon prosecution of error proceedings in the Court of Appeals of Lucas county that court reversed the action of the court of common pleas, for the reason that the court of common pleas erred in admitting in evidence certain verbal statements as to the occurrence and nature of the alleged injury made to certain persons by Charles Weaver, the decedent, and also for the reason that the court of common pleas erred in refusing to charge the jury upon the request of the defendant as follows:
 

 “Defendant requests that the court charge the jury that not only must the injury arise out of and be connected with the employment, but that the death must appear to be the proximate result of the injury, or if there was acceleration of death, that that acceleration must be the proximate result of the injury.”
 

 Upon both of these points the judgment of the Court of Appeals must be affirmed.
 

 The statements in question in the cases where they are definitely fixed as to time were made the next day after the accident, or subsequently thereto. Under the statute in its present form they were admissible only if they constituted a part of the
 
 res gestae.
 
 Hence these statements lacked the element of spontaneity essential to make them admissible under the
 
 res gestae
 
 rule. 22 Corpus Juris, 451.
 

 With reference to the second ground for reversal, the trial court erred in not giving the charge requested. Section 1465-82, General Code, which governs this case, provides:
 

 “In case the injury causes death within the period of two years, the benefits shall be in the amount and to the persons following * * *.”
 

 Under this provision the plaintiff in an appeal case from a denial of award by the Industrial Commission for death of a workman or employe has to establish that the injury was the proximate cause of the death, or was the proximate cause of the acceleration of
 
 *467
 
 death.
 
 West Side Coal & Mining Co.
 
 v.
 
 Industrial Commission,
 
 321 Ill., 61, 151 N. E., 593;
 
 Springfield District Coal Mining Co.
 
 v.
 
 Industrial Commission,
 
 303 Ill., 455, 135 N. E., 789.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Stephenson, J., not participating.