J ones, J.
 

 This action was instituted in the court of common pleas of Sandusky county, by way of appeal taken by Fern Coutellier, widow of A. M. Coutellier, from an order of the Industrial Commission of Ohio denying compensation to dependents of decedent for
 
 *547
 
 injuries resulting in Ms death. The claimant secured a favorable verdict and judgment in the trial court. The Court of Appeals reversed that judgment and remanded the cause for a new trial because of “prejudicial error in the admission of oral hearsay statements as to cause of injury made to physician' and to manager and general manager.” The cause is here for review after an allowance of plaintiff in error’s motion for certification.
 

 It appears that in the trial court the claimants, in order to sustain their cause, offered the transcript of certain testimony taken before the commission. This transcript included portions of the testimony given by an attending physician and by the general manager and assistant general manager of the employer. The chief vital question at issue was whether the hernia from wMch Coutellier died was or was not caused by the cranking of his car two weeks prior to his death.
 

 On the trial the attending physician who operated upon him gave testimony relating to his treatment of the decedent after his injury. While no objection was made by the defendant to the general history of that treatment it did object and except to the following testimony given by the physician: “He had this hernia for some time and stated while cranking his automobile at Fulton, Ohio, or Fremont, Ohio, he was cranking his automobile and noticed considerable pain in the region of the herMa and an exaggeration of the existing lump or hernia that had previously been there.” Evidently basing his expert opinion upon such information thus acquired from his patient, the physician testified further that such cranking might have had some causal connection with the development of the hernia.
 

 The general manager testified that report of the accident was made to him after the injury. He testified that it was reported at the office that the decedent was cranking Ms car, and that decedent had com
 
 *548
 
 plained of Ms cranking as injuring and aggravating Ms herma. The assistant general manager was permitted to testify that shortly prior to his death, while the decedent was still at the hospital, the decedent had told him that he had trouble with his car the week previous and that it had caused an acute pain in his side; that in the course of the conversation the decedent said to him that “he had ignition trouble with his ear, which made it necessary that he crank it occasionally, and it being a practically new car the motor was stiff and hard to turn over, which irritated this condition.” Exceptions were properly taken to the foregoing testimony.
 

 The real issue in the case was whether the injury sustained on May 5, 1930, had any causal connection with the hernia from which he died. The foregoing declarations made to the physician, the general manager, and his assistant, were made at various times after the accident, and in no case were the declarations made under such circumstances as to cause them to be a part of the
 
 res gestae.
 
 In each instance they were not only hearsay evidence, but self-serving evidence as well; and in each instance the declarations made by the decedent related to the vital issue which was to be decided by the jury. Declarations of this character are self-serving and inadmissible, when not made as a part of the
 
 res gestee. Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 181 N. E., 894.
 

 While a physician as an expert could testify to statements given by his patient relating to his condition and his symptoms, and to his knowledge of the general history of the case that he may acquire from his patient, he will not be permitted to testify to declarations made by his patient as to the cause of the injury, if such cause is an essential issue required to be proven. This principle is clearly set forth on pages 605, 606, of the opinion in
 
 Cleveland Ry. Co.
 
 v.
 
 Merk,
 
 124 Ohio St., 596, 180 N. E., 51.
 

 
 *549
 
 We are of the opinion that the report or application blank required to be filled out by the applicant and signed by the general manager was competent. The printed form signed by the latter contains a certificate reading as follows: “I have read all the statements contained herein and know the same to be true and correct,” etc. This application was upon a printed form furnished by the commission and was required to be signed by the applicant, the attending physician and the employer. No doubt its purpose was to secure adequate knowledge of the nature and character of the injury and how it was sustained. While we think the printed certificate furnished by the commission and signed by the manager was admissible in evidence, such certificate attesting the truth of the statements or declarations of the applicant pertaining to the cause of the injury would be of no evidentiary value if it were proven to the jury that the manager’s certificate pertaining to the cause of the injury was based solely upon self-serving declarations contained in the application ; and the jury should be instructed to ignore the certificate of the employer if such a situation is developed on the trial.
 

 For the reasons stated the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Allen and Stephenson, JJ., concur.
 

 Matthias, J., not participating.