Matthias, J.
 

 The record discloses that the only evidence tending to show the nature or cause of the claimed injury or that it was sustained by the employee in the course of his employment and arose out of his employment or that it was accidental in its origin and cause is the testimony of the physician of the employee as to statements made by the employee to the physician. There is evidence that the decedent had quit work because he was ill; but there is no evidence whatever of anyone witnessing any accident or resulting injury sustained by the deceased, or of anyone observing any outward manifestation of such injury.
 

 The competency of the testimony of the physician in the respect indicated was challenged when it was offered, and it is the action of the court in admitting that evidence which gives rise to the only question presented in this case for our consideration and decision. If that testimony was incompetent, then there was a lack of evidence showing that the decedent had received any injury in the course of or arising out of his employment, and consequently there was no proof that his death had resulted, from any injury connected with his ■ employment or otherwise.
 

 It is quite difficult to see any distinction in principle between this case and the
 
 Bake case, ante,
 
 627, this day decided, with reference to the application of the
 
 *654
 

 res gestae
 
 rule. The statement which the physician testified had been made to him by the decedent was made at least two hours subsequent to the time the decedent had left the garage where he was employed, during which period he had been driving his car and had made two or three stops before he called to see the physician. It was under these circumstances, as the record discloses, that the physician testified that, in response to his question as to how he happened to be ill, the deceased had informed him that he had slipped and fallen on the cement floor of the garage.
 

 The rule governing the admissibility of statements as a part of the
 
 res gestae
 
 is stated as follows in 22 Corpus Juris, 451, Section 543:
 

 “It has been laid down as a general rule that in order to constitute a part of the
 
 res gestae
 
 an act or a declaration must accompany, and be contemporaneous with, the act of which it is alleged to be a part, as otherwise, in the case of a declaration, it amounts to nothing more than a narrative of what has been, or an assertion of what will be. In few cases, however, can the doing of an act and the making of the statement be precisely synchronous. Part of the essential difficulty of the subject lies in the fact that almost invariably an interval, however slight, must elapse between the act and the declaration. The modern tendency seems to be to treat spontaneity as a substitute for contemporaneousness, so that the act or declaration is not required to be exactly coincident in point of time with the main fact, but may even be separated from it by a considerable length of time, provided it is so immediately and closely connected with the main fact as to be practically inseparable therefrom and serviceable to a clear understanding thereof, the element of time being of importance merely as bearing on the question of spontaneity. The time when a statement was made, however, must be made to appear before the statement can be admitted.”
 

 
 *655
 
 It is clear that the statements in question were in the nature of a narrative of a past event and cannot he properly classed as spontaneous or impulsive and hence were not competent as a part of the
 
 res gestae.
 

 A physician may he permitted to testify relative to statements made by his patient regarding his symptoms and physical condition; but where, as here, the cause of the injury is an issue in a case and required to be established by evidence, a physician will not be permitted to testify as to statements made by his patient relative to the cause of the claimed injury, when such statements were not spontaneous but were self-serving declarations and in the nature of a narrative of a past event. 17 Ohio Jurisprudence, 342
 
 et seq.,
 
 Section 274
 
 et seq.;
 
 Jones on Evidence (4 Ed.), Section 349;
 
 State
 
 v.
 
 Lasecki,
 
 90 Ohio St., 10, 106 N. E., 660, L. R. A. 1915 E, 202;
 
 Cleveland Ry. Co.
 
 v.
 
 Merk,
 
 124 Ohio St., 596, 180 N. E., 51;
 
 Coutelllier
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 546, 186 N. E., 400;
 
 Reid
 
 v.
 
 Yellow Cal Co.,
 
 130 Ore., 27, 279 P., 635, 67 A. L. R., 1.
 

 The principle applicable to this case is very clearly and concisely announced in the first paragraph of the syllabus in the
 
 Coutellier case, supra,
 
 as follows:
 

 “Upon the trial of a workmen’s compensation case, where the cause of death is an essential issue required to be proven, declarations of a decedent made to his physician or others, narrating the cause which is claimed to have contributed to his death, are self-serving and inadmissible, unless they are made under such circumstances as to cause them to be a part of the
 
 res
 
 gestae.”
 

 Supporting the proposition that statements of an injured person, as to the cause of the injury and the circumstances attending the accident, made to a physician so long thereafter as not to be a part of the
 
 res gestae
 
 are not admissible since they are a narration of a past event, numerous cases from many jurisdictions
 
 *656
 
 will be found cited in 67 A. L. R., at page 25. No valid reason bas been assigned for the modification of this long-established and well-recognized principle which would result from the ruling of the Common Pleas Court in this case.
 

 The policy of liberality with reference to procedure relative to workmen’s compensation claims, prescribed by statute and recognized and announced in the early case of
 
 Roma
 
 v.
 
 Industrial Commission,
 
 97 Ohio St., 247, 119 N. E., 461, has been consistently approved and followed. However, as stated in the opinion in that case, such liberality of procedure “would not justify the admission of hearsay evidence.” This is particularly true since, under the provisions of Section 1465-90, General Code, as now in effect, evidence is submitted “as in the trial of civil actions.” There being no evidence of accidental injury sustained in the course of or arising out of the employment, it was the clear duty of the trial court to direct a verdict for the Industrial Commission.
 

 For the reasons stated, the judgment of the Court of Appeals is reversed and judgment is here entered for the Industrial Commission.
 

 Judgment reversed.
 

 Weyganut, C. J., Day, Zimmerman, Weüliams, Myers and Hart, JJ., concur.