Matthias, J.
 

 The right of the claimant to recover in this action is dependent primarily upon proof that the injury alleged was sustained by the employee in the course of his employment, that it arose out of the employment, and that it was accidental in its origin and cause. The only testimony which it is claimed tends to meet this requirement is that of the son of the deceased who, on the morning of the day in question, had taken his father in his automobile to a kitchen on the campus of Oxford College, which is a part of the Miami University, where he was employed, and who, about four o’clock in the afternoon of the same day, called to get him upon notice and request of someone to do so. The son testified that when he met his father at the kitchen door where he had left him in the morning he was in deep agony. Over objection by counsel for the Industrial Commission to each question, the son of the deceased was permitted to testify relative to his conversation with his father on the way to his home, the portion of which pertinent to the question involved is as follows:
 

 “Q. What did he say to you? A. He said that he had hurt himself lifting a crate of head lettuce. * * *
 

 “Q. Did he say how he had hurt himself or where?
 
 *629
 
 A. Yes, he said lifting a crate of head lettuce. * * *
 

 “Q. Did he say what part of his body he had hurt? A. His side.
 

 “Q. Did he say where he had been lifting a crate of head lettuce? A. Yes.
 

 “Q. Where? A. In the kitchen of the Oxford College. ”
 

 Without objection he testified that his father was holding his hand on his side.
 

 The very pertinent question presented, the answer to which we deem decisive of the case, is whether such evidence was competent upon the ground that the statements of the injured person were admissible as a part of the
 
 res gestae
 
 and hence within an exception to the elementary rule of evidence excluding hearsay. The usual rules of evidence govern and control in the trial of appeals from the Industrial Commission as in the trial of civil actions.
 

 We find no better statement of the
 
 res gestae
 
 rule and its application than in Jones on Evidence (4 Ed.), 630, Section 344, which is as follows:
 

 “There is a sort of evidence, termed the
 
 ‘res gestae’
 
 which, forming an exception to the hearsay rule, is admitted notwithstanding the fact that it is hearsay. Literally, the expression
 
 ‘res gestae’
 
 signifies merely ‘transactions’ or ‘things done,’ but with reference to hearsay evidence it is rather loosely used to describe declarations, exclamations, acts or conduct of a participant in or witness of the principal transaction in suit, the statements or acts being such as tend to explain or illustrate the transaction which they accompany and with which they are substantially contemporaneous, and by the Immediate influence of which they are generated. The spontaneity of the utterance and its logical connection with the principal event, coupled with the fact that the utterance was made while the declarant was still subject to the stimulus of the nervous'excitement of the principal event, are deemed to
 
 *630
 
 preclude contrivance, deliberation, design or fabrication, and to give to the utterance an inherent guaranty of trustworthiness.”
 

 This court has had occasion in comparatively recent cases to define and apply the
 
 res gestae
 
 rule. The element of time in the relation of a statement to the occurrence in question, though important, is not controlling. The statement, to be admissible, need not be strictly contemporaneous with the incident to which it relates, but should be in the nature of an exclamation, and its competency depends primarily upon having been spontaneous or impulsive and not a narrative of a past event. 17 Ohio Jurisprudence, 342
 
 et seq.,
 
 Section 274
 
 et seq.; State
 
 v.
 
 Lasecki,
 
 90 Ohio St., 10, 106 N. E., 660, L. R. A. 1915 E,
 
 202; Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 181 N. E., 894;
 
 Coutellier
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 546, 186 N. E., 400;
 
 Cleveland Ry. Co.
 
 v.
 
 Merk,
 
 124 Ohio St., 596, 180 N. E., 51.
 

 As stated in the syllabus of the case of
 
 State
 
 v.
 
 Lasecki, supra,
 
 “the doctrine of
 
 res gestae,
 
 as applied to exclamations, should have its limits determined, not by the strict meaning of the word ‘contemporaneous,’ but rather by the causal, logical or psychological relation of such exclamations with the primary facts in controversy. ’ ’
 

 The statements relied upon here to constitute the proof required to establish the claim of accidental injury sustained in the course of and arising out of the employment were not spontaneous or impulsive exclamations, but constituted a narrative of an event which had occurred some time previous. How long prior is not disclosed by the record. The deceased had been at the place of employment from eight o’clock in the morning until nearly four in the afternoon when the son called there for him. It is not disclosed by the record what other persons, if any, were in the vicinity where deceased was employed, to whom he
 
 *631
 
 could have promptly revealed his condition. The record is strangely silent in that respect. It is only to be inferred that someone had been informed of the desire of the deceased to have his son come for him and take him home.
 

 If it be assumed that there was a hernia and that it in some way contributed to or hastened the death of deceased, as claimed, proof is lacking of the very essential facts which must be established by competent evidence to warrant an award from the Workmen’s Compensation Fund.
 

 The finding and judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Myers, JJ., concur.
 

 Hart, J., concurs in the syllabus but not in the judgment.