Matthias, J.
 

 The first question presented by the record relates to the admissibility of certain exhibits which concededly are of vital importance to the plaintiff’s case. These consisted of two affidavits made by the decedent in his lifetime supporting his claim for compensation for an alleged injury and also his application for compensation on account thereof.
 

 In the investigation of claims for workmen’s comT pensation and the presentation of proof supporting same, conformance to the rules of evidence is not required. The proceeding may be entirely devoid of formality and in complete disregard of any rules of evidence. The commission is at liberty to base its conclusions respecting the allowance or disallowance of a claim upon any information that may be before it, no matter what its form or manner of presentation. However, when it comes to the rehearing of a claim for compensation upon the result of which, if adverse to the claimant, a right of appeal is accorded the claimant, it is specifically provided by Section 1465-90, General Code, that “such hearing [rehearing] shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions.”
 

 The distinction between the presentation and hearing of claims and the rehearing thereof provided by
 
 *161
 
 this statute is clearly pointed out in the ease of
 
 Goodman v. Beall,
 
 130 Ohio St., 427, 200 N. E., 470. Section 1465-90 provides that “the commission shall pass upon the admissibility of evidence, but either party may at the time make objection and take exception to the rulings of the commission thereon, and if the commission refuses to admit any evidence, the party offering the same shall state the nature of such evidence and the matter which such party proposes to prove thereby, and such statement shall be made a part of the record of such rehearing.”
 

 The reason for this statutory provision is clearly manifest from the further language in the same section, wherein it is required that “the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence.”
 

 There is also the further provision that the court may exclude incompetent, immaterial or irrelevant evidence contained in the transcript to which objection has been made and “may admit in evidence such competent, material or relevant evidence as was excluded by the commission at such rehearing, over the objection and exception of the party offering the same. ’ ’
 

 The affidavits of the decedent would not have been competent evidence upon rehearing of his own application for compensation, and certainly were not competent evidence upon the rehearing of the. claim of his dependent in this case. It would scarcely be contended that an affidavit would be admissible in the trial of a civil action, and it is just as incumbent upon the claimant for compensation upon rehearing to produce competent evidence to sustain his claim.
 

 The same observation may be made with reference to the application filed by the decedent for compensation for his injury, particularly the part of the applica
 
 *162
 
 tion embracing the employer’s report concerning the accident where it is disclosed that the employer had no knowledge regarding the injury and was merely setting out the report of the employee himself respecting his claimed injury. The admission of the evidence challenged is particularly prejudicial for the reason that without it there appears to be no evidence that any injury was sustained in the course of and arose out of the employment.
 

 The decision in the case of
 
 Industrial Commission
 
 v.
 
 Bartholome,
 
 128 Ohio St., 13, 190 N. E., 193, may be readily distinguished from the instant case. It must be borne in mind that the affidavits here in question are merely statements by the deceased made to the investigators preliminary to the initial consideration of his claim by the Industrial Commission. Certainly no weight could be given by the fact that in this instance the person who took the statement of the workman then making the claim happened to be an employee of the Industrial Commission. In that respect it would be no different than if it had been taken by any other person and sworn to before any notary public.
 

 In the
 
 Bartholome case,
 
 the claim had been considered by the Industrial Commission upon the evidence procured and presented to it and compensation had been denied. It was on rehearing under the statute that the evidence in question in that case was taken and reduced to writing, the applicant having been sworn and subjected to cross-examination, all pursuant to the requirements of the provisions of Section 1465-90, General Code. Upon the death of Bartholome, claim for award was made and prosecuted by the widow, and it was thus the question arose as to the admissibility of the transcript of testimony taken upon rehearing which had, of course, been conducted in the manner prescribed by the statute. As pointed out in the opinion in that case, because of the death of Bartholome there was a substituted claimant, and the
 
 *163
 
 widow therefore stood in the place of the deceased workman. The transcript of the testimony taken on rehearing of the employee’s claim preliminary to appeal to the Common Pleas Court was held admissible upon the issue of injury in the course of employment. Had the testimony in the instant case been perpetuated under the statute, it would have been in no different form than the transcript which was permitted in the
 
 Bartholome case.
 

 The case of
 
 Coutellier
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 546, 186 N. E., 400, is relied upon to support the admissibility in evidence of the application which had been made by the employee for compensation in his lifetime. In the opinion in that case, Judge Jones specifically held that the application would be admissible only insofar as the statements therein were not self-serving declarations or hearsay, and indicated that, if it had only included the self-serving declarations of the injured workman, it would not be admissible. The case of
 
 Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 181 N. E., 894, was there cited in support of that view.
 

 Support thereof may also be found in the decision in the case of
 
 Dugan
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 652, 22 N. E. (2d), 132.
 

 Applying those decisions, it is obvious that if such application contains only a repetition of statements made by the employee relative to facts not known by the person who signed it or made the affidavit attached thereto, such statements are mere hearsay and under well-settled principles would not be admissible. The second paragraph of the syllabus in the
 
 Coutellier case, supra,
 
 refers only to the admission of the certificate as it affected the employer and therefore is not authority for the admission of the statements said to have been made by the employee. In fact, as the record shows, the application under consideration in the case just referred to was made after the employee’s death
 
 *164
 
 and was signed only by tbe employer and the physician. Not having been signed by the injured person, obviously the admissibility of the signed statement of a deceased workman was not before the court. Then, too, both the employer and physician had testified on the rehearing in that case.
 

 The record in the instant case failing to disclose any competent evidence of an injury sustained in the course of and arising out of the employment of the person upon whom the claim for compensation is based, it follows that the judgment of the Court of Appeals must be reversed and final judgment rendered for the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Hart, JJ., concur.