Hart, J.
 

 The defendant predicates error on the fact that the trial court did not direct a verdict in its favor, claiming there was no evidence that the decedent sustained any injury arising out of and in the course of his employment, and no evidence that any such injury was the proximate cause of his death.
 

 This court has very definitely held that the right to
 
 *356
 
 receive benefits under tbe Workmen’s Compensation Act is dependent upon proof that an injury was sustained by tbe employee in tbe course of Ms employment and that it arose out of such employment. It must also appear that the injury was physical and traumatic in character and was accidental in its origin and cause.
 
 Industrial Commission
 
 v.
 
 Franken,
 
 126 Ohio St., 299, 185 N. E., 199;
 
 Goodman
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 81, 19 N. E. (2d), 508;
 
 Bake
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 627, 22 N. E. (2d), 130. And to entitle a dependent to recover death benefits under the Workmen’s Compensation Act it must appear from the evidence that the injury was the proximate cause of the death of the employee.
 
 Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 181 N. E., 894.
 

 The evidence offered by the plaintiff to support these essential requirements of recovery consisted of the testimony of the family physician who in mid-July 1936 examined the decedent and diagnosed hernia, and the testimony of another physician who operated on the decedent in the latter part of July, to the effect that the cause of decedent’s death was internal hemorrhages following the operation due to the fact that decedent was a hemophiliac. The latter physician stated that he was unable to express an opinion as to whether the hernia was of long or short duration and that it was “impossible to look at a hernia to say which one is from minor causes that have gradually accumulated, and which are caused from some definite severe injury.” There was also the testimony of the defendant’s plant physician, who had examined the decedent when he was first employed by the defendant on February 5, 1934, to the effect that the decedent then had a right inguinal hernia and a potential' hernia on the left side, and to the effect that decedent consulted Mm on July 15, 1936, and made a statement which he, the plant physician, recorded as follows: “A week
 
 *357
 
 ago Friday he was tightening shock absorber bolts and developed pain in sides, working on service; did not hit anything; did not fall; nothing else happened in working; (signed) Dr. Mudd.”
 

 The above is the entire evidence bearing upon accidental injury. The statement of the decedent recorded by Doctor Mudd, the plant physician, is purely hearsay, but plaintiff claims it was admissible under exceptions to the hearsay rule in that it was in the form of a record covering industrial accidents, which defendant was required to keep, by virtue of Section 1465-99, General Code, and in that it was a report to a physician as the basis of treatment which the declarant was to receive, and was, therefore, given under such circumstances as to import verity.
 

 However that may be, taking the entire testimony including the declaration of plaintiff’s decedent, there is no evidence to substantiate the essentials of plaintiff’s case as heretofore outlined. There is no testimony that decedent received any accidental injury whatsoever, and, especially, none that he received any injury in the course of his employment. The decedent in his statement which is carried into the record and offered in evidence, did not claim injury in the course of his employment. The evidence is that he had a hernia when he entered the defendant’s employ and there is no evidence that the hernia was either caused or accelerated by the work in which he was engaged. There is no evidence to support the essential elements of a cause of action.
 

 The judgment of the Court of Appeals and that of the Common Pleas Court must be reversed and final judgment entered for the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Turner, Williams and Matthias, JJ., concur.