Stewart, J.
The question presented to us is whether a claimant is entitled to the maximum death award where an injury does not cause death but merely accelerates it, or must the award be apportioned.
Section 1465-68, General Code, reads in part as follows:
“Every employee mentioned in Section 1465-61, who is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on and after January 1st, 1914, shall be entitled to receive, either directly from his employer as provided in Section 1465-69, or from the State Insurance Fund, such compensation for loss sustained on account of such injury or death, and such medical, nurse and hospital services and medicines, and such amount of funeral expenses in case of death as provided by Sections 1465-79 to 1465-87, inclusive.”
Section 1465-82, General Code (121 Ohio Laws, 660), in effect at the time of decedent’s death, provided in part:
“In case the injury causes death within the period of two years, and in cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person and the death is the result of such original injury, the benefits shall be in the amount and to the persons following:
C 6 * * *
*292 “2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent of the average weekly wages, not to exceed twenty-one dollars per week in any case, and to continue for the remainder of the period between the date of the death and eight years after the date of the injury, and not to amount to less than a minimum of two thousand dollars or more than a maximum of seven thousand five hundred dollars, including the compensation paid to the deceased employee prior to death and benefits paid to the beneficiaries after death.
Í ( * # *
“4. The following persons shall be presumed to be wholly dependent for the support upon a deceased employee:
“(A) A wife upon a husband with whom she lives at the time of his death.”
It is apparent from reading the foregoing statute that if an injury causes the death of a workman, which injury grew out of and arose from the workman’s employment, and the death occurs within two years of the injury, the amount to be paid to decedent’s dependents is fixed at two-thirds of his average weekly wages, not to exceed $21 per week for eight years and in no event to exceed $7,500.
The Industrial Commission is entirely the creature of statutes enacted under Section 35, Article II of the Constitution of Ohio, and in all of its actions must be governed by the provisions of such statutes. In making the award it did in the present case the commission simply followed the provisions of Section 1465-82, General Code.
Relator maintains, however, that, because decedent’s death was not caused but was simply accelerated by his injury, the commission should award a sum of money *293 proportionate to the period of time by which the injury shortened decedent’s life.
There are two conclusive answers to this. In the first place, this court is committed to the proposition that death is caused by an injury where the injury aggravates a pre-existing condition and death is thereby accelerated. Weaver v. Industrial Commission, 125 Ohio St., 465, 181 N. E., 894, and Ackerman v. Industrial Commission, 131 Ohio St., 371, 3 N. E. (2d), 44.
In the second place,, by the judgment of the Court of Common Pleas of Mahoning County, from which no appeal was taken, the claimant is entitled to compensation for the death of her husband under the provisions of the Workmen’s Compensation Act. It follows that the claimant’s rights are exactly the same as though the injury which accelerated Notman’s death had directly and instantly caused his death. That acceleration of death by injury gives rise to a right to a death award under compensation acts is the view of most of the courts. See 6 Schneider’s Workmen’s Compensation, 73, Section 1543 (i), where it is stated:
“The courts consistent with the theory of the workmen’s compensation acts hold with virtual uniformity that where an employee afflicted with disease receives a personal injury under circumstances that entitle him to relief on account of the injury had there been no disease involved, but the disease as it in fact exists is by the injury materially aggravated or accelerated, resulting in disability or death earlier than would have otherwise occurred, and the disability or death does not result from the disease alone, progressing naturally, as it would have done under ordinary conditions, but the injury aggravated and accelerated its progress, materially contributes to hasten its culmination in disability or death, there may be an award under the *294 compensation acts. The acts prescribe no standard of health nor fitness.”
There are a few states which have statutes providing that in case of aggravation and acceleration of death by injury the dependents of the deceased workman shall be paid for only such portion of the death benefits which arise from the aggravation or acceleration. However, Ohio has no such statute and, as we have pointed out, not only has this court consistently held that in making an award there is no difference between a death directly caused by injury and one accelerated thereby, but in the present case there is a court judgment awarding the claimant the right to participate in the State Insurance Fund because of the death of her husband. There was no appeal from that judgment, and it cannot be collaterally attacked by an action in mandamus.
Relator cites and relies upon the case of Larrissey, Admx., v. Norwalk Truck Lines, Inc., 155 Ohio St., 207, 98 N. E. (2d), 419. In that case this court held that under the wrongful death statute (Section 10509-166, General Code) an action may properly be based upon a tortious act which proximately accelerated a death and that in such an action the defendant may, in mitigation of damages, offer evidence as to the weakness, diseased condition, impaired earning power, or lack of activity of the decedent, or other facts tending to prove that he would have lived only a short time had his death not been accelerated by the tortious act.
In that case the court held further that in such an action the trial court should fully charge the jury as to the consideration it should give to the length of the period by which decedent’s life was shortened and what damages flowed only therefrom.
We are of the opinion that the Larrissey case is in no way applicable to the facts in the present case. *295 Here the Industrial Commission made an award strictly in accordance with the provisions of the statutes which fixed the amount of the award, as the result of a judgment finding the claimant entitled to share in the State Insurance Fund because of the death of her husband.
Under the wrongful death statute there is no limit to the amount which may be recovered for the benefit of the dependents of the deceased, but the amount must be responsive to the pecuniary loss of those who are entitled to receive it, and any evidence which tends to show the pecuniary loss is not only competent but forms the basis of a proper charge to the jury by the court. In such a case the age, health, and means of support of the beneficiary, as well as the age, health, disposition and thrift of the deceased may be shown. Cincinnati Street Ry. Co. v. Altemeier, Admr., 60 Ohio St., 10, 53 N. E., 300.
Therefore, what this court held in the Larrissey case with reference to evidence in mitigation of damages or to the period by which decedent’s life was shortened and what damages flowed only therefrom would have been just as proper if decedent’s death had been directly caused by his injury rather than accelerated thereby.
In a wrongful death case, evidence of the weakness, diseased condition, impaired earning power or lack of activity of the decedent or the length of the period by which decedent’s life was shortened may be shown by defendant in mitigation of damages, as evidence of good health, good earning power, youth, and activity may be shown by plaintiff in support of a contention as to the extent of the pecuniary loss to decedent’s dependents.
For the reasons we have given, we are of the opinion that the relator in its petition has not stated facts *296 which entitle it to a writ of mandamus. The demurrer of the respondents is sustained and the writ is denied.

Demurrer sustained and writ denied.

Weygandt, C. J., Zimmerman, Middleton, Matthias and Hart, JJ., concur.