MANNING, APPELLEE, *v.* THE PRUDENTIAL INS. CO. OF AMERICA, APPELLANT.

(No. 7721—Decided June 8, 1953.)

*Messrs. Hoover, Beall, Whitman & Eichel,* for appellee.

*Messrs. Marble & Vordenberg* and *Mr. Edward A. Burke,* for appellant.

HILDEBRANT, J. The trial court overruled defendant's motion for judgment *non obstante veredicto,* and entered judgment on the verdict for plaintiff for the amount of the death benefits contained in a certificate of insurance upon the life of one Taylor Manning, plaintiff being the named beneficiary, and the certificate having been issued pursuant to a contract for group insurance existing between The Baldwin Company and the defendant.

Defendant denied liability on the ground that, by the terms of the policy, the insurance had automatically ceased for the reason that the employment of the insured by The Baldwin Company had been terminated prior to his death.

The appeal is on questions of law.

The certificate of insurance provided:

"Irrespective of any other mode of termination the insurance upon the life of any person insured under

said policy shall automatically cease and determine upon termination of the employment of such person with the employer, except that at the option of the employer employees temporarily laid off, on leave of absence or temporarily disabled shall during such periods be considered as being in the employ of the employer; provided, however, that if such cessation of the insurance on the life of any such person shall be due to termination of employment on account of total disability of such person and if the insurance on the life of such disabled person shall not have been converted in accordance with the provisions of said policy, the amount of insurance on the life of such disabled person in force at the time of such termination of employment shall be payable immediately upon receipt of due proof that the death of such disabled person shall have occurred before the attainment of sixty-five years of age and within a period, dating from such termination of employment, not longer than the time such person shall have been insured under said policy at the time of such termination of employment but in no event longer than twelve months; such payment of insurance, however, to be subject to the condition that the disability of such person shall have been total and continuous and that such person shall not have applied for or accepted any employment for compensation of financial value or engaged in any kind of business for profit from the date of such termination of employment to the date of such death, and also subject to said policy being in full force and effect at such date of death.''

Plaintiff contends that the termination of employment of the insured, if any, was only temporary and for reasons of disability; that, moreover, insured was totally disabled from and after his last work on March 22nd until the date of death, which occurred one week later on March 29th; and, further, that the company

collected premiums up to March 26th, thereby exercising its option to still consider him as an employee.

To sustain the burden of proof, plaintiff offered herself as sole witness and testified, in substance, that the insurance under two certificates became effective on January 27, 1948, The Baldwin Company, paying the premiums direct to defendant and deducting 28 cents per week from the insured, allocated one-half to the certificate of life insurance here involved, and one-half to a certificate of health and accident insurance with which we are not here concerned; that the insured, late in January 1949, developed a cyst under his arm, requiring lancing, and became ill on March 11th at the close of his week's work; that he was put to bed on telephoned advice of the family doctor on Monday, March 14th, and was unable to work that week; that he complained of being sick at his stomach, with pains in the chest, and had a discoloration of the face; that he returned to work on Monday, March 21st, and on Tuesday, March 22nd he returned home early from work; that, after March 22nd, he remained at home, complaining of a tired, worn-out feeling, of pains in his chest and down his left arm, and of being ill at times; and that on March 29, he collapsed and died.

The plaintiff was permitted to testify as follows:

"Q. And did he go to work on the morning of the 22nd of March? A. Yes.

"Q. What was his normal time to return home from work? A. The best I can recall 4:30.

"Q. And what time did he get home on Tuesday the 22nd of March? A. Somewhere around 4:00 o'clock.

"Q. That was earlier than the normal time? A. Yes.

"Q. When he came in did you make any inquiry of him as to why he was there earlier?

"Mr. Marble: I object.

"The court: Overruled.

"Mr. Marble: Exception.

"A. I did.

"Q.What was his explanation of why he was home early?

"Mr. Marble: I object.

"The court: Overruled.

"Mr. Marble: Exception.

"A. He was temporarily laid off. He didn't feel like working so he came home early.

"Mr. Marble: I move the answer be stricken.

"The court: Overruled.

"Mr. Marble: Exception."

The above quoted testimony is claimed to be admissible as part of the *res gestae*.

In *Stough* v. *Industrial Commission,* 142 Ohio St., 446, 52 N. E. (2d), 992, it is stated in the first paragraph of the syllabus:

"A declaration or statement, to be admissible as part of the *res gestae*, is not required to be exactly simultaneous with the primary fact in controversy, but it must be a *spontaneous* or, an *impulsive* declaration or statement and not the mere narration of a past transaction. (*Bake* v. *Industrial Commission,* 135 Ohio St., 627, and *Dugan* v. *Industrial Commission,* 135 Ohio St., 652, approved and followed.)"

Since the insured's statement was drawn from him by the inquiry of the plaintiff herself, it appears to be a narration of a past event and lacking in that spontaneity and impulsiveness required to bring it within the *res gestae* rule.

The above-quoted testimony also comes within the inhibition of Section 11494, General Code, wherein it is provided:

"The following persons shall not testify in certain respects:

"* * *

"Husband or wife, concerning any communication made by one to the other, or an act done by either in the presence of the other, during coverture, unless the communication was made, or act done, in the known presence or hearing of a third person competent to be a witness. The rule shall be the same if the marital relation has ceased to exist * * *.''

It was, therefore, error and prejudicial to the defendant to admit in evidence the plaintiff's testimony concerning the insured's statement.

In the absence of that statement, the testimony of the plaintiff is devoid of any substantial evidence tending to sustain the burden of proof, and it appears that defendant's motion for judgment at the conclusion of plaintiff's case should have been granted.

In addition, examination of all the evidence, both oral and documentary, conclusively shows that the insured was laid off on the basis of seniority because of reduction in personnel in his department for business reasons, and that The Baldwin Company considered it a complete termination of employment.

The record conclusively shows also that the deductions for insurance shown on the last check issued to the insured were for the two weeks previous, and, hence, could not indicate the intention of the company to treat insured as an employee for any longer than the work week of March 21st.

For the reasons noted, we consider it error and prejudicial to the defendant to have overruled its motion for judgment *non obstante veredicto*.

The judgment is reversed, and final judgment is rendered for the defendant.

*Judgment reversed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.