Hart, J.
The principal question to be determined in both cases is: Where, in a hearing on a workmen’s compensation claim, a hypothetical question is propounded to a medical witness for the purpose of establishing causal connection between an accidental *573 injury and succeeding harm or disability, may such question inquire as to “a causal relationship” or must it inquire as to “a direct or proximate causal relationship ” ?
As a preliminary, it is appropriate to set forth briefly the basis upon which compensation to injured employees is determined and allowed. Prior to the 1937 amendment of Section 1465-68, General Code, it provided for compensation to an employee “injured * * * in the course of employment.” By reason of the amendment of that section , in 1937 (117 Ohio Laws, 109), the term, “injury,” was limited further to an injury “received in the course of, and arising out of the * * * employment,” and Section 4123.01, Revised Code, defining terms used in the Workmen’s Compensation Act, retains this limitation, as follows:
“(C) ‘Injury’ includes any injury received in the course of and arising out of, the injured employee’s employment. ’ ’
For an injury to “arise out of the employment” obviously requires a certain causal connection between the work or employment and the injury. It arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work was required to be performed and the resulting injury. McNicol’s case, 215 Mass., 497, 102 N. E., 697, Ann. Cas. 1916A, 306.
This court has heretofore repeatedly recognized the necessity of finding a causal connection between the employment and the injury in workmen’s compensation cases. Fassig v. State, ex rel. Turner, Atty. Genl., 95 Ohio St., 232, 116 N. E., 104; Industrial Commission v. Weigandt, 102 Ohio St., 1, 130 N. E., 38; Delassandro v. Industrial Commission, 110 Ohio St., 506, 144 N. E., 138; Industrial Commission v. Lewis, 125 Ohio *574 St., 296, 297, 181 N. E., 136; Grabler Mfg. Co. v. Wrobel, 125 Ohio St., 265, 181 N. E., 97; Industrial Commission v. Bateman, 126 Ohio St., 279, 283, 185 N. E., 50; Industrial Commission v. Bankes, 127 Ohio St., 517, 189 N. E., 437; Industrial Commission v. Baker, 127 Ohio St., 345, 188 N. E., 560; Industrial Commission v. Gintert, 128 Ohio St., 129, 132, 190 N. E., 400, 92 A. L. R., 1032; Gregory v. Industrial Commission, 129 Ohio St., 365, 195 N. E., 699; Highway Oil Co. v. State, ex rel. Bricker, Atty. Genl., 130 Ohio St., 175, 198 N. E., 276; Laudato v. Hunkin-Conkey Construction Co., 135 Ohio St., 127, 132, 19 N. E. (2d), 898; Ashbrook v. Industrial Commission, 136 Ohio St., 115, 24 N. E. (2d), 33; Maynard v. B. F. Goodrich Co., 144 Ohio St., 22, 56 N. E. (2d), 195; Parrott v. Industrial Commission, 145 Ohio St., 66, 69, 60 N. E. (2d), 660; Stanfield v. Industrial Commission, 146 Ohio St., 583, 585, 67 N. E. (2d), 446; Sebek v. Cleveland Graphite Bronze Co., 148 Ohio St., 693, 697, 76 N. E. (2d), 892.
In addition to the above-discnssed causal relationsMp between the employment and injury, this court has also definitely held that there must be a direct or proximate causal relationship between the employment and the compensable harm or disability. McNees v. Cincinnati St. Ry. Co., 152 Ohio St., 269, 279, 89 N. E. (2d), 138.
And this court has frequently held that a claimant for a death benefit must establish the fact that the accidental injury was the proximate cause of the death. Weaver v. Industrial Commission, 125 Ohio St., 465, 181 N. E., 894; Gwaltney, a Minor, v. General Motors Corp., 137 Ohio St., 354, 30 N. E. (2d), 342; Aiken v. Industrial Commission, 143 Ohio St., 113, 53 N. E. (2d), 1018. See, also, Maynard v. B. F. Goodrich Co., supra, 31; Bowling v. Industrial Commission, 145 Ohio St., 23, 60 N. E. (2d), 479.
*575 Throughout the Restatement of the Law of Torts, the term, “injury,” is used to denote thp invasion of any legally protected interest of another, whereas the term, “harm,” implies the existence-of a tangible and material detriment, and these terms are so used throughout this opinion. See 1 Restatement of the Law of Torts, 16, Section 7.
Where a workman has sustained an accidental injury arising out of the employment, he may or may not be allowed compensation for subsequent harm or injurious effects, depending upon whether they are the direct or proximate consequences of the accidental injury, or whether the chain of causation has been broken by intervening or superseding causes. Kill v. Industrial Commission, 160 Wis., 549, 152 N. W., 148, L. R. A. 1916A, 14.
Just as the employment must be the legal or direct cause of the accidental injury, so the injury must be the direct cause of the harm or disability complained of. McNees v. Cincinnati St. Ry. Co., supra. The problem here involved is the type or quality of medical evidence required to make proof of such latter relationship. In the case of Aiken v. Industrial Commission, supra, this court held that to entitle a claimant to participate in the State Insurance Fund upon the claim that the death of a workman resulting from acute myocarditis was attributable to a compensable knee injury, the evidence must show that the injury was a proximate cause of death and must include evidence by competent medical witnesses that a probable relationship existed between the original accident and the myocarditis, citing, among other cases, Weaver v. Industrial Commission, 125 Ohio St., 465, 466, 181 N. E., 894. In the course of his opinion in the Aiken case, unanimously concurred in, Judge Zimmerman said:
“The rule is well settled by numerous cases that to *576 establish-the relation of cause and effect between an injury to a workman and his death so as to justify an award of death benefits under a workmen’s compensation law, the evidence must be such as to remove the case from the realm of speculation and conjecture; there must be competent evidence tending to show a proximate causal connection between the injury and the subsequent death.” See, also, Brandt v. Mansfield, Rapid Transit, Inc., 153 Ohio St., 429, 92 N. E. (2d), 1; and Drew v. Industrial Commission, 136 Ohio St., 499, 26 N. E. (2d), 793.
We, therefore, conclude that in order to establish a right to workmen’s compensation for harm or disability claimed to have resulted- from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence not only that -his injury arose out of and in the course of his employment but that a direct or proximate causal relationship existed between his accidental injury and his harm or disability; and where medical evidence is necessary to establish such relationship, that evidence must show that his accidental injury was or probably was a direct or proximate cause of the harm or disability. The jury ma determine the issue of proximate cause from the evidence on the basis of probabilities and not necessarily on the basis of absolute fact. It would be inharmonious and inconsistent to require the evidence of the witness to be on a basis higher than that upon which the jury could predicate its finding on that issue, namely, on probabilities. See Brandt v. Mansfield Rapid Transit, Inc., supra.
In case No. 33990, the plaintiff, who worked several months after his injury for which he received compensation, bases his right to further compensation on a claimed development of a heart ailment which further disabled him. Such a claim can be established *577 by medical testimony only. The facts could not possibly be within the knowledge of lay witnesses or members of the jury. Ohio & Indiana Torpedo Co. v. Fishburn, 61 Ohio St., 608, 56 N. E., 457, 76 Am. St. Rep., 437; Drakulich v. Industrial Commission, 137 Ohio St., 82, 27 N. E. (2d), 932; Davis v. State, 38 Md., 15; Tullis v. Rankin, 6 N. D., 44, 68 N. W., 187, 66 Am. St. Rep., 586, 35 L. R. A., 449; Castanie v. United Rys. Co., 249 Mo., 192, 155 S. W., 38, L. R. A., 1915A, 1056; 17 Ohio Jurisprudence, 483, 485, 487, 489, Sections 388, 389, 391, 393.
The first medical witness was asked whether there was a causal relationship between the plaintiff’s injury and the heart ailment. The court sustained an objection to this question for the reason that it did not require the witness to answer whether there was a direct or proximate causal relationship. A proffer was made that the witness, if permitted, would answer that “I believe there is a causal relationship.”
The exclusion of this question and answer was error. If admitted, the answer would constitute some evidence of causal relationship, since a proximate causal relationship is a causal relationship.
In any case, evidence is relevant and admissible if it tends to prove a certain element of an ultimate fact even though it does not tend to establish all elements of the ultimate fact necessary to be proved; and evidence is relevant and admissible if it tends to corroborate evidence of certain but not all elements of a necessary ultimate fact. See 20 American Jurisprudence, 245, Section 252.
However, the evidence here proffered was insufficient in itself to prove a direct or proximate causal relationship, and, in the absence of other evidence to cure the insufficiency, its exclusion was harmless error.
The second medical witness for the plaintiff testified *578 that he found some congestive disturbance present in plaintiff’s lower extremities but found no direct cardiac involvement. After such testimony, a hypothetical question was submitted to him in which he was asked to assume certain facts contrary to his own testimony as to the physical condition of the plaintiff, and the court properly sustained an objection to the question.
The court sustained the objection to the hypothetical question submitted to the first medical witness on the ground the question did not inquire of the witness as to whether the injury was the “direct” or “proximate ’ ’ cause of the heart condition complained of, and the objection to the hypothetical question submitted to the second medical witness was sustained on the ground that the witness was asked to assume physical facts which were contrary to his own testimony. Since there was no competent evidence to support plaintiff’s claim of a direct causal relationship between his injury and the harm or disability because of the heart ailment, the court properly directed a verdict for the defendant.
The judgment of the Court of Appeals in this case is affirmed.
In case No. 34018, there was a claim of high blood pressure and heart damage as the basis of harm. The plaintiff himself testified to physical facts which presented competent evidence as to an accidental occurrence in connection with unusual exertion in lifting a heavy weight. Medical testimony was presented to the effect that this so-called accidental circumstance caused damage to plaintiff’s heart. A medical witness testified as to myocardial damage with resulting harm, and a hypothetical question was submitted covering his findings in a physical examination of the plaintiff and inquiring of the witness whether there was any *579 causal connection between tbe lifting incident and tbe subsequent harm or disability. Objection to this question was sustained, but a proffer was made of the following answer given by the witness in answer to the same question before the commission on rehearing:
“It is my opinion that there was a direct causal relationship between the occurrence in June 1949 and the symptoms which followed, and the findings at the time of my examination.” (Italics supplied.)
The court sustained the objection to that answer and likewise to a very complete answer, on request, to explain his former answer, which latter answer covered the then physical condition of the plaintiff and in which the medical witness, among other statements, termed the condition found as “a factor which was aggravated by the occurrence in question.” A medical witness may properly explain his ofttimes limited answer to a hypothetical question. In the case of Nelson v. Industrial Commission, 150 Ohio St., 1, 80 N. E. (2d), 430, this court held that, where a medical expert witness has answered a hypothetical question based upon testimony properly admitted, it is error to exclude the testimony of such witness as to his reasons for his answer that certain activities of a decedent aggravated a pre-existing physical condition and contributed to his death.
This court is of the opinion that the trial court erred in refusing to admit these answers which fully met the legal requirements as to proof of proximate cause, even if the question submitted to the witness was not fully complete in that respect, especially where the evidence in the instant case was necessarily submitted on a transcript to the trial court and plaintiff’s counsel had no opportunity to reframe the hypothetical question to conform with the content of the competent answer. In this we think the trial court erred, and like *580 wise erred in directing a verdict for the defendant and entering judgment thereon. The Court of Appeals likewise erred in affirming that judgment.
The judgment of the Court of Appeals in chis case is reversed and the cause is remanded to the Court of Common Pleas for further proceedings in conformance with this opinion.

Judgment in cause No. 33990 affirmed.

Judgment in cause No. 34018 reversed and cause remanded.

Weygandt, C. J., Matthias, Zimmerman, Stewart and Bell, JJ., concur.
Taft, J., concurs except as to paragraph three of the syllabus.