THE STATE, EX REL. CHRYSLER
PLASTIC PRODUCTS CORP., *v.*
INDUSTRIAL COMMISSION OF
OHIO ET AL.■

(No. 86AP-258—Decided May 5, 1987.)

*Eastman & Smith, John T. Landwehr* and *Thomas J. Gibney,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sheryl L. Creed,* for respondent Industrial Commission of Ohio.

*Gallon, Kalniz & Iorio Co., L.P.A., James A. Whittaker* and *William R. Menacher,* for respondent James W. New, Jr.

YOUNG, J. Relator, Chrysler Plastic Products Corp., has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio, to vacate an order granting respondent-claimant, James W. New, Jr., an additional award for violation of a specific safety requirement and to issue an order finding that respondent-claimant was not entitled to the additional award based upon evidence contained in the Industrial Commission claim file.

This matter was referred to Jack R. Kullman, Jr., referee, pursuant to Civ. R. 53 and Section 13 of Loc. App. R. 11. The referee filed his report, with findings of fact and conclusions of law, and recommended that relator's request for a writ of mandamus be denied. Relator filed seven objections to the referee's report, supporting its basic assertion that the Industrial Commission abused its discretion by awarding respondent-claimant an additional award for violation of a specific safety requirement. Respondent filed a memorandum in opposition to relator's objections.

An independent review of the record reveals the following: respondent was injured on the job when his left arm was caught in the rollers of a "wind-up machine." His claim was allowed for compensation and, subsequently, respondent filed a C-8 application alleging that the employer had violated the safety requirements of Ohio Adm. Code 4121:1-5-05(H) and 4121:1-5-05(D)(1). Due to an oversight, respondent's application was not heard until five years later. Findings indicated that these code sections were not violated. However, respondent asked for a rehearing and the matter was re-opened for further investigation. The re-investigation findings substantiated that there was a safety violation and relator filed for a rehearing, which was denied.

16

Relator asserts that its due process rights were violated when the Industrial Commission did not provide an opportunity for relator to respond to or challenge the findings of the May 31, 1985 re-investigation report or to request a record hearing as provided by Ohio Adm. Code 4121-3-20(D). See *State, ex rel. Canter,* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 377, 28 OBR 437, 504 N.E. 2d 26. To the extent the staff hearing officer predicated his final determination upon evidence contained in the re-investigation report, relator submits that its rights were diminished by the lack of opportunity to submit additional evidence and to cross-examine affiants providing evidence in support of respondent's contentions.

As a general rule, administrative agencies are not bound by the strict rules of evidence as applied in the courtroom situation. See *Reinhart* v. *Indus. Comm.* (1940), 137 Ohio St. 159, 17 O.O. 509, 28 N.E. 2d 498. However, an administrative body has a duty to base its conclusions upon competent evidence. See *Bucyrus* v. *Dept. of Health* (1929), 120 Ohio St. 426, 166 N.E. 357. In the case *sub judice,* the Ohio Administrative Code provides the right to adequate notice and a public hearing in a violation of a specific safety requirement hearing. See R.C. 4121.36 and Ohio Adm. Code 4121-3-20. However, the Ohio Administrative Code is somewhat vague in outlining the proper procedure that is to be followed in cases where a re-investigation has occurred. These are situations where the commission makes a decision based on the evidence and then subsequently decides to re-investigate. At this point, new evidence may or may not be discovered or considered.

Generally, when new evidence is considered due process demands that the opposing party be given the opportunity to rebut that evidence or submit additional evidence. Therefore, as a matter of fairness and equity, the rights of both parties to a full and fair hearing must be safeguarded. Thus, where the Industrial Commission's re-investigation brought evidence to light that was outcome-determinative, it was improper for the commission to deny the employer an opportunity to rebut or further explain the new evidence. This is particularly so where, as in the instant case, the employer was facing the possibility of an imposition of penal sanctions. Thus, the decision of the Industrial Commission granting an additional award for violation of a specific safety requirement was not based on competent evidence. *Bucyrus, supra.*

Upon review of the proceedings below, the Industrial Commission abused its discretion and acted contrary to law in submitting the re-investigation report without giving relator an opportunity to respond to or challenge the findings.

Based on the foregoing, the referee's report is not adopted. Furthermore, relator's third, fourth and fifth objections, regarding the issue of denying relator the opportunity to respond to the re-investigation report, are sustained. Relator's first, second, sixth and seventh objections are overruled. Consequently, the order of the Industrial Commission granting respondent an additional award for violation of a specific safety requirement is vacated and the cause is remanded to the Industrial Commission for further proceedings in accordance with this decision.

*Motion sustained in part.*
*Writ granted.*

REILLY and BOWMAN, JJ., concur.